★ ★ ★

Office of the
State Superintendent of Education

OSSE
Office of Dispute Resolution
March 28, 2016

## RESOLUTION PERIOD DISPOSITION FORM

This form is designed to assist the LEA in notifying the Hearing Officer and the Student Hearing Office (SHO) regarding the outcome of the resolution meeting(s). **Failure to notify the Hearing Officer and the SHO within 3 calendar days after the termination of the resolution period may result in a finding of noncompliance by the Office of the State Superintendent of Education, Quality Assurance and Monitoring Division.**

**Student and Case Information**
Student Name: [redacted]
Student Date of Birth: [redacted]
Student ID: 9321513
SHO Case Number: 2016023

**Parent Information**
Parent Name: LaShawn Smith
Parent Address: 206 Webster St. NE #1 WDC 20011
Parent Phone Number: 202.763.2340

**LEA Information**
Name of LEA: District of Columbia Public Schools
LEA Representative: Shalonda Ogdell
LEA Address: 1200 First Street NE 9th Floor, Washington, DC 20002
LEA Representative Phone Number: 202.560.8172
LEA Representative Fax:

**Resolution Meeting Information**
Date Due Process Complaint Filed: 2/4/16
Date of Resolution Meeting(s): 2/1[illegible]/16
Was meeting held within 15 calendar days or, in the case of an expedited discipline hearing, within 7 days?
(Yes) No
If Meeting was not held within 15/7days, reason for delay *(reason does not excuse the LEA from the obligation to comply with the 15/7 day timeline)*:



810 First Street, NE, 2nd floor, Washington, DC 20002
Phone: 202.698.3819 • Fax: 202.478.2956 • www.osse.dc.gov

Office of the
State Superintendent of Education

**Resolution Outcome**

**I. Resolution Agreement**

______Resolution Agreement reached that satisfies all issues in the complaint. (All issues in the complaint have been resolved and an agreement has been reached to the satisfaction of the parties.) The parties agree the due process complaint should be dismissed.[1]

**A copy of the Resolution Agreement must be forwarded to the Hearing Officer and the SHO.**

**II. Partial Resolution Agreement**

______Resolution Agreement reached that satisfies one or more of the issues in the complaint, but does not satisfy all issues in the complaint. (The issues in the complaint have been partially resolved and an agreement has been reached on these issues to the satisfaction of the parties.) The parties agree that the resolved issues should be dismissed and all outstanding issues should proceed to a due process hearing.[2]

**III. No Resolution Agreement**

A. ____No agreement was reached by the end of the 30 day resolution period and the case should proceed to a due process hearing.

B. X__Although an agreement was not reached at the resolution meeting, the LEA and parent agree to continue to attempt to resolve the complaint prior to the end of the 30 day resolution period. The 45 day timeline will not begin until the 30 day resolution period has expired.

C. ____Although the 30 day resolution period has not yet expired, the LEA has not resolved the issues in the complaint to the satisfaction of the parent and the LEA and parent agree no agreement is possible prior to hearing. The LEA and parent agree that the case should proceed to due process hearing.

1 If all issues in the due process complaint were resolved to the satisfaction of the parties, provide a copy of the Resolution Agreement to the Hearing Officer, the SHO, and the Blackman/Jones Database email address below.
2 If some, but not all, issues in the due process complaint were resolved to the satisfaction of the parties, provide a copy of the Resolution Agreement to the Hearing Officer, the SHO, and the Blackman/Jones Database email address below.



810 First Street, NE, 2nd floor, Washington, DC 20002
Phone: 202.698.3819 • Fax: 202.478.2956 • www.osse.dc.gov

Office of the State Superintendent of Education

## Signatures and Affirmation

I affirm that if an offer of substantive relief was made, and one or more issues in the complaint are resolved at the resolution meeting, a legally binding agreement was executed on or before the date of this form. I further affirm that the information provided in this form is true and correct.

Signature of Parent/guardian — Date 2/19/2016

Signature of LEA Representative — Date 2/19/16

Mail, fax, e-mail, or deliver this form to:
Office of the State Superintendent of Education
Student Hearing Office
810 First Street, NE 2nd floor
Washington, DC 20002
(202) 478-2956
hearing.office@dc.gov

In addition, please email this form to the Blackman Jones Database:
dueprocess@dc.gov

# 2016-0023 - Disposition Form

Rubenstein, Steven (DCPS) <Steven.Rubenstein2@dc.gov>

Fri 3/25/2016 5:18 PM

To:Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; steve.nabors@camoranlaw.com <steve.nabors@camoranlaw.com>;

Cc:HearingOffice, Student (OSSE) <Student.HearingOffice@dc.gov>;

1 attachment

[redacted]Disposition_Form_2.19.16.pdf;

Attached.

Have a good weekend,

Steven Rubenstein
Attorney-Advisor
D.C. Public Schools
Office of the General Counsel
1200 First Street, N.E., 10th Floor
Washington, D.C. 20002
(202) 442-5171 – direct
(202) 442-5097 – fax

**CONFIDENTIALITY NOTICE**

**This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.**

**Metadata: This e-mail transmission and any accompanying material may contain embedded metadata. Any included metadata is confidential or privileged information and is not intended to be viewed by a non-client recipient.**

19

DISTRICT OF COLUMBIA
PUBLIC SCHOOLS
Office of Special Education

# Consent for Initial Evaluation/Reevaluation

**Student Information**

**Student:** [redacted] **Local ID:** 9321513 **State USI:** 5903565733 **DOB:** [redacted] **Grade:** 9
**Last Eligibility Meeting Date:** 03/11/2015 **Last IEP Annual Review Meeting Date:** 10/08/2015

**LEA/School Information**

**LEA of Enrollment:** District of Columbia Public Schools
**School/Site:** Columbia Heights EC (CHEC)
**School Address:** 3101 16th St NW, Washington, DC 20010
**Case Manager:** Shannan Glascoe-Evans
**School Phone:** 202-939-7700

Based on the information provided in the Analysis of Existing Data Report and the Prior Written Notice, the LEA is requesting that you provide consent to conduct an evaluation of your child to determine if he/she has or continues to have a disability that requires special education and related services under the Individuals with Disabilities Education Act (IDEA).

A Procedural Safeguards Notice that explains the educational rights of you and your child is enclosed with this form. Please read it carefully and if you have any questions about the content of the Notice or this consent, please contact Shannan Glascoe-Evans at 202-939-7700.

[✓] I give my consent to have [redacted] evaluated to determine if he/she is eligible or continues to be eligible for special education and to determine educational needs. I understand this consent is voluntary and may be revoked at any time.

[ ] I DO NOT give my consent to have [redacted] evaluated to determine if he/she is eligible for special education and to determine educational needs.

Signature of Parent Date 2/19/16

The following documents are enclosed:
[ ] Procedural Safeguards (required for initial referral and parent request for evaluation)
[ ] Prior Written Notice
[ ] Analysis of Existing Data Report

(Only complete if team needs parental consent for the release of additional records pursuant to the evaluation process)
The following education records (if any) related to your child will be released to the IEP Team at Columbia Heights EC (CHEC):

[✓] I give my consent to have the education records listed above released to the IEP Team at Columbia Heights EC (CHEC). I understand this consent is voluntary and may be revoked at any time.
[ ] I DO NOT give my consent to have the education records listed above released to the IEP Team at Columbia Heights EC (CHEC).

Signature of Parent Date 2/19/16

EXHIBIT
R-7-1

1.866.610.8030
EASYFAX

Document Created on '02/19/2016'
10/-.002B9C92

[redacted] 65733
**Local ID:** 9321513
**Page:** 1
Columbia Heights EC (CHEC)

OSSE
Office of Dispute Resolution
February 22, 2016

**DISTRICT OF COLUMBIA**
**OFFICE OF THE STATE SUPERINTENDENT OF EDUCATION**
**STUDENT HEARING OFFICE**

| | |
|---|---|
| Lashawn Smith,<br>On behalf of [redacted]<br><br>Petitioner,<br><br>v.<br><br>D.C. Public Schools<br>&<br>the Office of the State<br>Superintendent of Education,<br><br>Respondents. | Case Number 2016-0023<br>Hearing Officer Keith Seat |

**THE OFFICE OF THE STATE SUPERINTENDENT OF EDUCATION'S**
**<u>MOTION TO WITHDRAW MOTIONS TO DISMISS</u>**

The Office of the State Superintendent of Education ("OSSE"), by counsel, respectfully withdraws its Motion to Dismiss for Failure to Serve and its Motion to Dismiss for Failure to State a Claim filed in the above listed due process complaint. Petitioner has agreed to withdraw the complaint against OSSE and allow OSSE to be dismissed from the case with prejudice. Therefore, there is no longer a need for the Hearing Officer to consider OSSE's two Motions.

Respectfully submitted,

OFFICE OF THE STATE
SUPERINTENDENT FOR EDUCATION
Office of General Counsel

___/s/____________________
Zoe Cooper Thomas
Bar No. 1005962

Assistant Attorney General
Office of the General Counsel
Office of the State Superintendent of Education
810 First Street, NE, 9th Floor
Washington, DC 20002
(202) 724-2010 (main)
(202) 299-2134 (fax)
Zoe.Thomas@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February, 2016, a copy of this Office of the State Superintendent of Education Motion to Withdraw Motions to Dismiss was sent via email to the following parties:

Charles Moran, for the Petitioner [charles.moran@camoranlaw.com]
Steven Rubenstein, for DCPS [steven.rubenstein2@dc.gov]
Hearing Officer Keith Seat [keith.seat@dc.gov]
Student Hearing Office [hearing.office@dc.gov]

BY:

_____/s/____________________

Zoe Cooper Thomas

# RE: [redacted] Case # 2016-0023 -- OSSE Motions to Dismiss

Thomas, Zoe (OSSE) <zoe.thomas@dc.gov>

Mon 2/22/2016 4:11 PM

To:Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; Rubenstein, Steven (DCPS) <Steven.Rubenstein2@dc.gov>; charles.moran@camoranlaw.com <charles.moran@camoranlaw.com>;

Cc:HearingOffice, Student (OSSE) <Student.HearingOffice@dc.gov>;

1 attachment

OSSE Motion to Withdraw Motions to Dismiss, [redacted] pdf;

Dear Hearing Officer Seat,

Per your request, please find OSSE's motion to withdraw attached.

Thank you,

Zoe C. Thomas
Assistant General Counsel
Office of the General Counsel
Office of the State Superintendent of Education (OSSE)
Government of the District of Columbia
Direct (202) 724-2010
Fax (202) 299-2134

-----Original Message-----
From: Seat, Keith (OSSE-Contractor)
Sent: Monday, February 22, 2016 9:57 AM
To: Rubenstein, Steven (DCPS); Thomas, Zoe (OSSE); charles.moran@camoranlaw.com
Subject: [redacted] Case # 2016-0023 -- OSSE Motions to Dismiss

Ms. Thomas, can you please file a line for the record withdrawing your two Motions to Dismiss?

Thanks.

Keith L. Seat, Esq.
Hearing Officer, Mediator & Facilitator
Office of Dispute Resolution
810 First Street, N.E., Second Floor
Washington, D.C. 20002
Phone: 301-681-7450
Cell: 301-523-5535
Fax: 301-681-9243
Email: keith.seat@dc.gov

This electronic message transmission contains information that may be confidential and/or privileged. The information is intended for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify me immediately by telephone (301-681-7450) or by email.

Learn the basics of life-saving hands only CPR in 20 minutes. Visit the DC FEMS Hands on Hearts campaign at <http://handsonhearts.dc.gov/> to sign up for existing classes or email hands.onhearts@dc.gov< mailto:hands.onhearts@dc.gov> to schedule a class for your office or organization.

-----Original Message-----
From: admin@dcsho.i-sight.com [mailto:admin@dcsho.i-sight.com]
Sent: Friday, February 19, 2016 11:06 AM
To: Rubenstein, Steven (DCPS) <Steven.Rubenstein2@dc.gov>; Thomas, Zoe (OSSE) <zoe.thomas@dc.gov>; charles.moran@camoranlaw.com
Cc: Dietrich, Virginia (OSSE-Contractor) <virginia.dietrich@dc.gov>; Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; Due, Process (OCTO) <Due.Process@dc.gov>; HearingOffice, Student (OSSE) <Student.HearingOffice@dc.gov>
Subject: DCSHO: [redacted] Case # 2016-0023 -- Order Granting Motion to Withdraw Complaint Against OSSE From <keith.seat@dc.gov>

** NOTE: Please do not modify subject line when replying **

** This email was sent by Keith Seat [mailto: keith.seat@dc.gov] **

Good morning, Counsel.

My Order Granting Motion to Withdraw Complaint Against OSSE is attached in PDF.

Keith L. Seat, Esq.
Hearing Officer, Mediator & Facilitator
Office of Dispute Resolution
810 First Street, N.E., Second Floor
Washington, D.C. 20002
Phone: 301-681-7450
Cell: 301-523-5535
Fax: 301-681-9243
keith.seat@dc.gov

# 11

DISTRICT OF COLUMBIA
PUBLIC SCHOOLS

Office of Special Education

# Prior Written Notice - Proceed with Evaluation Process (After Referral or Prior to Reevaluation)

**Date of Notice:** 02/26/2016

**Student Information**

**Student:** [redacted] **Local ID:** 9321513 **State USI:** 5903565733 **DOB:** [redacted] **Grade:** 9
**Last Eligibility Meeting Date:** 03/11/2015 **Last IEP Annual Review Meeting Date:** 10/08/2015

**LEA/School Information**

**LEA of Enrollment:** District of Columbia Public Schools
**Case Manager:** Shannan Glascoe-Evans
**School/Site:** Columbia Heights EC (CHEC)
**School Phone:** 202-939-7700
**School Address:** 3101 16th St NW, Washington, DC 20010

Dear Lashawn Smith:

The Individual with Disabilities Education Act (IDEA), 34 C.F.R. §300.503(a), requires the LEA to provide you with prior written notice before the LEA (1) proposes to initiate or change the identification, evaluation, or educational placement of the student or the provision of a free and appropriate public education (FAPE) to the student referenced above; or (2) refuses to initiate or change the identification, evaluation, or educational placement of the student or the provision of FAPE to the student.

**As the parent of a student you have the right to request an evaluation at any time.**

This document serves as prior written notice to inform you that the LEA will implement the following change:

Proceed with Evaluation Process (After Referral or Prior to Reevaluation)

| **Description of the proposed or refused action(s)** |
|---|
| The team agrees to move forward with assessments in order to determine his current level of performance. This information will be used to develop the most appropriate level of supports and programming to meet his educational needs. |
| **Explanation of reasons for proposal or refusal of action** |
| The team agrees to move forward with assessments in order to determine his current level of performance. This information will be used to develop the most appropriate level of supports and programming to meet his educational needs. |
| **Description of each evaluation procedure, assessment, record, or report used as a basis for the proposed or refused action:** |
| The team agrees to move forward with assessments in order to determine his current level of performance. This information will be used to develop the most appropriate level of supports and programming to meet his educational needs. |
| **Description of other options considered by the IEP Team, if any, and reason for rejecting them, if warranted** |
| ☐ Additional options were considered.<br>☑ No additional options considered. |
| **Description of other factors related to the proposal or refusal** |
| ☐ Additional factors related to the proposal were considered.<br>☑ No additional factors apply |

EXHIBIT
tabbies
R-8-1

OSSE
Office of Dispute Resolution
March 3, 2016

**DISTRICT OF COLUMBIA**
**OFFICE OF THE STATE SUPERINTENDENT OF EDUCATION**
Office of Dispute Resolution
810 First Street, N.E., 2nd Floor
Washington, DC 20002

| | |
|---|---|
| [redacted] through his parent, Ms. Lashawn Smith, Petitioner, | Case No: 2016-0023 |
| | Date Issued: 3/2/16 |
| v. | Hearing Officer: Keith L. Seat, Esq. |
| District of Columbia Public Schools ("DCPS") and Office of the State Superintendent of Education ("OSSE") Respondents. | Counsel of Record: Charles Moran, Esq. Steven Rubenstein, Esq. Zoe C. Thomas, Esq. |

## Order Granting OSSE's Motion to Withdraw Motions to Dismiss

On 2/22/16, Respondent OSSE filed a Motion to Withdraw Motions to Dismiss, seeking to withdraw both its Motion to Dismiss for Failure to Serve and its Motion to Dismiss for Failure to State a Claim, as Petitioner agreed to withdraw its complaint against OSSE with prejudice. The other parties stated no potion on this Motion to Withdraw.

OSSE's Motion to Withdraw is granted and its Motion to Dismiss for Failure to Serve and its Motion to Dismiss for Failure to State a Claim are hereby **WITHDRAWN**.

**SO ORDERED**.

Dated in Caption

/s/ *Keith Seat*
Keith L. Seat, Esq.
Hearing Officer

Copies (by email) to:

Counsel of Record (listed in Caption above)
OSSE-SPED (due.process@dc.gov)
ODR (hearing.office@dc.gov)
CHO

# DCSHO: [redacted] Case # 2016-0023 -- Order Granting OSSE's Motion to Withdraw Motions to Dismiss From <keith.seat@dc.gov>

admin@dcsho.i-sight.com

Wed 3/2/2016 8:12 PM

To: Thomas, Zoe (OSSE) <zoe.thomas@dc.gov>; Rubenstein, Steven (DCPS) <Steven.Rubenstein2@dc.gov>; steve.nabors@camoranlaw.com <steve.nabors@camoranlaw.com>; charles.moran@camoranlaw.com <charles.moran@camoranlaw.com>; joseph.golinker@camoranlaw.com <joseph.golinker@camoranlaw.com>;

Cc: Dietrich, Virginia (OSSE-Contractor) <virginia.dietrich@dc.gov>; Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; Due, Process (OCTO) <Due.Process@dc.gov>; HearingOffice, Student (OSSE) <Student.HearingOffice@dc.gov>;

1 attachment

Order Granting Motion to Withdraw Motions to Dismiss -- [redacted] (2016-0023) -- Keith L. Seat, HO (3-2-16).pdf;

** NOTE: Please do not modify subject line when replying **

** This email was sent by Keith Seat [mailto: keith.seat@dc.gov] **

Good evening, Counsel.

Attached for your files is my Order Granting OSSE's Motion to Withdraw Motions to Dismiss.

Keith L. Seat, Esq.
Hearing Officer, Mediator & Facilitator
Office of Dispute Resolution
810 First Street, N.E., Second Floor
Washington, D.C. 20002
Phone: 301-681-7450
Cell: 301-523-5535
Fax: 301-681-9243
keith.seat@dc.gov

# 12

OSSE
Office of Dispute Resolution
April 4, 2016

**DISTRICT OF COLUMBIA**
**OFFICE OF THE STATE SUPERINTENDENT OF EDUCATION**
**OFFICE OF DISPUTE RESOLUTION**

| | |
|---|---|
| LaShawn Smith,<br><br>Petitioner,<br><br>v.<br><br>District of Columbia Public Schools,<br><br>Respondent. | Case No. 2016-0023<br>Keith Seat, Esq. |

**NOTICE OF APPEARANCE**

COMES NOW LaShawn Smith, through counsel, to provide notice that Stevie Nabors, Esq., of Moran and Associates, is entering his appearance in this matter on behalf of petitioner.

/s/

Stevie Nabors
Moran & Associates
1220 L Street NW, Suite 700
Washington, D.C. 20005
(202) 742-2056 (voice)
(202) 742-2098 (fax)
Steve.nabors@camoranlaw.com

March 11, 2016

Certificate of Service

I, Steve Nabors, Esq., hereby certify that I served an accurate and true copy of the foregoing motion and supporting documents on the following via email:

Steven Rubenstein
Steven.Rubenstein2@dc.gov

/s/ 3/11/2016

Stevie Nabors
Moran & Associates
1220 L Street NW, Suite 700
Washington, D.C. 20005
(202) 742-2056 (voice)
(202) 742-2098 (fax)
Steve.nabors@camoranlaw.com

# 13

# FW: [redacted] Case # 2016-0023 -- Conference Bridge for PHC: 1-218-895-8942, password 20901#

Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>

Sat 4/2/2016 11:46 PM

To:HearingOffice, Student (OSSE) <Student.HearingOffice@dc.gov>;

1 attachment

3.11.2016 Notice of Appearance.pdf;

Please file. Thanks.

Keith L. Seat, Esq.
Hearing Officer, Mediator & Facilitator
Office of Dispute Resolution
810 First Street, N.E., Second Floor
Washington, D.C. 20002
Phone: 301-681-7450
Cell: 301-523-5535
Fax: 866-920-6725
Email: keith.seat@dc.gov

This electronic message transmission contains information that may be confidential and/or privileged. The information is intended for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify me immediately by telephone (301-681-7450) or by email.

-----Original Message-----
From: Joseph Golinker [mailto:joseph.golinker@camoranlaw.com]
Sent: Friday, March 11, 2016 1:44 PM
To: Steve Nabors <steve.nabors@camoranlaw.com>; Rubenstein, Steven (DCPS) <Steven.Rubenstein2@dc.gov>; Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; Charles Moran <charles.moran@camoranlaw.com>
Subject: Re: [redacted] Case # 2016-0023 -- Conference Bridge for PHC: 1-218-895-8942, password 20901#

Good afternoon,

Attached please find Mr. Nabors' notice of appearance on behalf of Ms. Smith.

The other two witnesses petitioner expects to call are as follows:

Ms. Hinkson, assistant principal and LEA representative, to testify about IEP development and [redacted] behavioral history at CHEC.

Gerald Kelly, community support worker, to testify on [redacted] social and educational development while at CHEC, as well as team considerations and discussions from IEP meetings.

Best,

Joey

Joey Golinker
Law Clerk
Moran & Associates
1220 L Street NW Suite 700
Washington, DC 20005
Joseph.Golinker@camoranlaw.com
(P) 202.742.2005
(F) 202.742.2097

On 03/11/2016 09:15 AM, Steve Nabors wrote:
> Good morning Mr. Seat,
>
> At this time, Petitioner only has two potential witnesses identified,
> but we may have to add at least two more. We are not certain at this
> time, though.
>
> LaShawn Smith, Petitioner and mother to the student will testify about
> her efforts to obtain access to advanced placement and accelerated
> learning programs for the student.
>
> [redacted] the student, will testify to his educational experience
> at CHEC. We will update this as soon as we can, if necessary.
>
> Thank you,
>
> Steve Nabors
> Moran and Associates
> 1220 L St. NW
> Suite 700
> Washington, D.C. 20005
> (202) 742-2056 (Office)
> (202) 742-2097 (Fax)
>
> E-MAIL CONFIDENTIALITY NOTICE: The contents of this e-mail message and
> any attachments are intended solely for the addressee(s) and may
> contain confidential and/or legally privileged information. If you are
> not the intended recipient of this message or if this message has been
> addressed to you in error, please immediately alert the sender by
> reply e-mail and then delete this message and any attachments. If you
> are not the intended recipient, you are notified that any use,
> dissemination, distribution, copying, or storage of this message or
> any attachment is strictly prohibited.
>

>
>
>
> On 3/11/16, 9:08 AM, "Rubenstein, Steven (DCPS)"
> <Steven.Rubenstein2@dc.gov> wrote:
>
>> Good morning,
>>
>> For potential witnesses, DCPS may call:
>>
>> Resheeda Hinkson, Assistant Principal and LEA Rep., expert in special
>> education, will testify to all issues, including all meetings,
>> communications with parent and representatives, IEP development,
>> services at CHEC and the student's overall performance.
>>
>> Jezelle Estrado and/or Brittany Lee, Special Education Teacher, may
>> testify to special education services provided to the student and the
>> student's academic performance.
>>
>> Thomasina Garner, Social Worker, may testify to behavioral
>> interventions and support services provided at CHEC.
>>
>> Thank you,
>> Steven Rubenstein
>>
>> -----Original Message-----
>> From: Seat, Keith (OSSE-Contractor)
>> Sent: Thursday, March 10, 2016 5:14 PM
>> To: Rubenstein, Steven (DCPS); Charles Moran
>> Cc: Joseph Golinker; Steve Nabors
>> Subject: [redacted] Case # 2016-0023 -- Conference Bridge for PHC:
>> 1-218-895-8942, password 20901#
>>
>> Counsel,
>>
>> My Prehearing Order is attached in draft form for your review prior
>> to our prehearing conference tomorrow. Please take a close look at
>> the Issues and Defenses in particular, along with the rest of the
>> document, to see if you have any questions or comments. Do note that
>> the DPH end time is now listed as 5:00 p.m. (since OSSE's counsel is
>> no longer in the case and needing to leave early), but let me know if
>> that presents a problem for either of you.
>>
>> Please email your list of witnesses prior to our prehearing
>> conference, if possible, to streamline the conference. Please
>> include name, title, the general area of testimony, and whether you
>> will seek to qualify them as an expert (and if so in what area).
>>
>> Also, in DCPS's Response Mr. Rubenstein raised the issue of Hearing
>> Officers not having jurisdiction over ADA claims. I want to clarify
>> that during our PHC tomorrow, so please be prepared to speak to the issue, Mr.

>> Moran, if you continue to assert an ADA claim in this IDEA case.
>>
>> To that end we will use a conference bridge for the PHC tomorrow so
>> that any discussion and ruling may be on the record. At the agreed
>> upon time, please call my conference bridge at 1-218-895-8942, password 20901#.
>>
>> Thanks.
>>
>> Keith L. Seat, Esq.
>> Hearing Officer, Mediator & Facilitator Office of Dispute Resolution
>> 810 First Street, N.E., Second Floor
>> Washington, D.C. 20002
>> Phone: 301-681-7450
>> Cell: 301-523-5535
>> Fax: 301-681-9243
>> Email: keith.seat@dc.gov
>>
>> This electronic message transmission contains information that may be
>> confidential and/or privileged. The information is intended for the
>> use of the individual or entity named above. If you are not the
>> intended recipient, be aware that any disclosure, copying,
>> distribution or use of the contents of this information is
>> prohibited. If you have received this electronic transmission in
>> error, please notify me immediately by telephone (301-681-7450) or by email.
>>
>> -----Original Message-----
>> From: Rubenstein, Steven (DCPS)
>> Sent: Wednesday, March 09, 2016 4:50 PM
>> To: Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; Joseph
>> Golinker <joseph.golinker@camoranlaw.com>; Charles Moran
>> <charles.moran@camoranlaw.com>; Steve Nabors
>> <steve.nabors@camoranlaw.com>
>> Subject: RE: [redacted] Case # 2016-0023 -- Prep for PHC
>>
>> The RSM was held on February 19. I've asked for the disposition form
>> and will file it once I receive it.
>>
>> I am confirming the PHC for this Friday at 3 pm.
>>
>> Thank you,
>> Steven Rubenstein
>>
>> -----Original Message-----
>> From: Seat, Keith (OSSE-Contractor)
>> Sent: Wednesday, March 09, 2016 4:45 PM
>> To: Joseph Golinker; Rubenstein, Steven (DCPS); Charles Moran; Steve
>> Nabors
>> Subject: RE: [redacted] Case # 2016-0023 -- Prep for PHC
>>
>> Good afternoon, Counsel.
>>

>> Are we set for our prehearing conference on Friday?
>>
>> Please email your list of witnesses prior to the prehearing
>> conference, and I will include them in a draft Prehearing Order that
>> I expect to circulate prior to the PHC. Please include name, title,
>> the general area of testimony, and whether you will seek to qualify
>> them as an expert (and if so in what area).
>>
>> Also, has the RSM been held? If so, please be sure to file the
>> Resolution Period Disposition Form.
>>
>> Thanks.
>>
>> Keith L. Seat, Esq.
>> Hearing Officer, Mediator & Facilitator Office of Dispute Resolution
>> 810 First Street, N.E., Second Floor
>> Washington, D.C. 20002
>> Phone: 301-681-7450
>> Cell: 301-523-5535
>> Fax: 301-681-9243
>> Email: keith.seat@dc.gov
>>
>> This electronic message transmission contains information that may be
>> confidential and/or privileged. The information is intended for the
>> use of the individual or entity named above. If you are not the
>> intended recipient, be aware that any disclosure, copying,
>> distribution or use of the contents of this information is
>> prohibited. If you have received this electronic transmission in
>> error, please notify me immediately by telephone (301-681-7450) or by email.
>>
>>
>> -----Original Message-----
>> From: Seat, Keith (OSSE-Contractor) [mailto:keith.seat@dc.gov]
>> Sent: Tuesday, February 23, 2016 11:01 AM
>> To: Joseph Golinker <joseph.golinker@camoranlaw.com>; Rubenstein,
>> Steven
>> (DCPS) <Steven.Rubenstein2@dc.gov>; Thomas, Zoe (OSSE)
>> <zoe.thomas@dc.gov>; Charles Moran <charles.moran@camoranlaw.com>;
>> Steve Nabors <steve.nabors@camoranlaw.com>
>> Subject: RE: [redacted] Case # 2016-0023 -- OSSE Motions to
>> Dismiss
>>
>> Mr. Golinker, yes, I will certainly include you and Mr. Nabors on all
>> future emails in this case, and request that Mr. Rubenstein do so as
>> well. I hope Mr. Moran recovers easily.
>>
>> Thank you for your filing, Ms. Thomas. Since your client has been
>> dismissed, I will omit you from future emails in the case and request
>> that counsel do so as well.
>>
>> Take care,

>> Keith L. Seat, Esq.
>> Hearing Officer, Mediator & Facilitator Office of Dispute Resolution
>> 810 First Street, N.E., Second Floor
>> Washington, D.C. 20002
>> Phone: 301-681-7450
>> Cell: 301-523-5535
>> Fax: 301-681-9243
>> Email: keith.seat@dc.gov
>>
>> This electronic message transmission contains information that may be
>> confidential and/or privileged. The information is intended for the
>> use of the individual or entity named above. If you are not the
>> intended recipient, be aware that any disclosure, copying,
>> distribution or use of the contents of this information is
>> prohibited. If you have received this electronic transmission in
>> error, please notify me immediately by telephone (301-681-7450) or by email.
>>
>>
>> Learn the basics of life-saving hands only CPR in 20 minutes. Visit
>> the DC FEMS Hands on Hearts campaign at
>> < http://handsonhearts.dc.gov/> to sign up for existing classes or
>> email hands.onhearts@dc.gov <mailto:hands.onhearts@dc.gov> to
>> schedule a class for your office or organization.?
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>>
>> -----Original Message-----
>> From: Joseph Golinker [mailto:joseph.golinker@camoranlaw.com]
>> Sent: Monday, February 22, 2016 4:14 PM
>> To: Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; Rubenstein,
>> Steven

>> (DCPS) <Steven.Rubenstein2@dc.gov>; Thomas, Zoe (OSSE)
>> <zoe.thomas@dc.gov>; Charles Moran <charles.moran@camoranlaw.com>;
>> Steve Nabors <steve.nabors@camoranlaw.com>
>> Subject: Re: [redacted] Case # 2016-0023 -- OSSE Motions to
>> Dismiss
>>
>> All,
>>
>> Mr. Moran was admitted to the Holy Cross Hospital last week and is
>> currently recovering from surgery. He asks that Mr. Nabors and I be
>> included on emails so that I can keep him up to date if anything
>> urgent comes up. He does not anticipate his recovery to impact the
>> timelines in this case.
>>
>> Thanks,
>>
>> Joey
>>
>> Joey Golinker
>> Law Clerk
>> Moran & Associates
>> 1220 L Street NW Suite 700
>> Washington, DC 20005
>> Joseph.Golinker@camoranlaw.com
>> (P) 202.742.2005
>> (F) 202.742.2097
>>
>>
>>
>> On 02/22/2016 09:57 AM, Seat, Keith (OSSE-Contractor) wrote:
>>> Ms. Thomas, can you please file a line for the record withdrawing
>>> your two Motions to Dismiss?
>>>
>>> Thanks.
>>>
>>> Keith L. Seat, Esq.
>>> Hearing Officer, Mediator & Facilitator Office of Dispute Resolution
>>> 810 First Street, N.E., Second Floor Washington, D.C. 20002
>>> Phone: 301-681-7450
>>> Cell: 301-523-5535
>>> Fax: 301-681-9243
>>> Email: keith.seat@dc.gov
>>>
>>> This electronic message transmission contains information that may
>>> be confidential and/or privileged. The information is intended for
>>> the use of the individual or entity named above. If you are not the
>>> intended recipient, be aware that any disclosure, copying,
>>> distribution or use of the contents of this information is
>>> prohibited. If you have received this electronic transmission in
>>> error, please notify me immediately by telephone (301-681-7450) or by email.
>>>

>>>
>>> Learn the basics of life-saving hands only CPR in 20 minutes. Visit
>>> the DC FEMS Hands on Hearts campaign at
>>> < http://handsonhearts.dc.gov/> to sign up for existing classes or
>>> email hands.onhearts@dc.gov <mailto:hands.onhearts@dc.gov> to
>>> schedule a class for your office or organization.?
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>>
>>> -----Original Message-----
>>> From: admin@dcsho.i-sight.com [mailto:admin@dcsho.i-sight.com]
>>> Sent: Friday, February 19, 2016 11:06 AM
>>> To: Rubenstein, Steven (DCPS) <Steven.Rubenstein2@dc.gov>; Thomas,
>>> Zoe
>>> (OSSE) <zoe.thomas@dc.gov>; charles.moran@camoranlaw.com
>>> Cc: Dietrich, Virginia (OSSE-Contractor) <virginia.dietrich@dc.gov>;
>>> Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; Due, Process
>>> (OCTO) <Due.Process@dc.gov>; HearingOffice, Student (OSSE)
>>> <Student.HearingOffice@dc.gov>
>>> Subject: DCSHO: [redacted] Case # 2016-0023 -- Order Granting
>>> Motion to Withdraw Complaint Against OSSE From <keith.seat@dc.gov>
>>>
>>>
>>> ** NOTE: Please do not modify subject line when replying **
>>>
>>> ** This email was sent by Keith Seat [mailto: keith.seat@dc.gov] **
>>>
>>> Good morning, Counsel.
>>>
>>> My Order Granting Motion to Withdraw Complaint Against OSSE is
>>> attached in PDF.

>>>
>>> Keith L. Seat, Esq.
>>> Hearing Officer, Mediator & Facilitator Office of Dispute Resolution
>>> 810 First Street, N.E., Second Floor Washington, D.C. 20002
>>> Phone: 301-681-7450
>>> Cell: 301-523-5535
>>> Fax: 301-681-9243
>>> keith.seat@dc.gov
>>>

OSSE
Office of Dispute Resolution
March 14, 2016

**DISTRICT OF COLUMBIA**
**OFFICE OF THE STATE SUPERINTENDENT OF EDUCATION**
Office of Dispute Resolution
810 First Street, N.E., 2nd Floor
Washington, DC 20002

| | | |
|---|---|---|
| [redacted] | ) | Case No: 2016-0023 |
| through his parent, Ms. Lashawn Smith, | ) | |
| Petitioner, | ) | Date Issued: 3/11/16 |
| v. | ) | Hearing Officer: Keith L. Seat, Esq. |
| District of Columbia Public Schools ("DCPS") and Office of the State Superintendent of Education ("OSSE"),[1] | ) | Counsel of Record: Charles Moran, Esq. Steve Nabors, Esq. Steven Rubenstein, Esq. |
| Respondents. | ) | |

## PREHEARING ORDER

The prehearing conference took place by telephone on **3/11/16 at 3:00 p.m.** Participating in the prehearing conference were Petitioner's counsel, **Steve Nabors, Esq.**, and Respondent's counsel, **Steven Rubenstein, Esq.** The following matters were addressed:

**Accuracy of Case Data**

Key data elements were confirmed or corrected by counsel, including Student's name, date of birth, Student identification numbers, and school of attendance.

**Complaint, Response, Resolution Meeting and Timeline**

Following the filing of the due process complaint on **2/4/16**, the case was assigned to the undersigned on **2/5/16**. Respondent DCPS's response to the complaint was filed on **2/12/16** and did not challenge jurisdiction apart from noting that Hearing Officers do not have jurisdiction over ADA claims.[2] Respondent OSSE's response to the complaint

---

[1] OSSE was dismissed with prejudice from this case by Order Granting Petitioner's Motion to Withdraw Complaint Against OSSE issued by the undersigned on 2/19/16.
[2] At this time, the Hearing Officer has jurisdiction to decide this case as all allegations in the complaint relate to the identification, evaluation or educational placement of Student or the provision of a free appropriate public education ("FAPE") to Student. Challenges to jurisdiction may be made at any time.

was filed on **2/11/16** and did not challenge jurisdiction. OSSE filed a Motion to Dismiss for Failure to Serve on **2/8/16**, followed by a Motion to Dismiss for Failure to State a Claim on **2/11/16**. Petitioner filed a Motion to Withdraw Complaint Against OSSE on **2/17/16** which was granted and OSSE was dismissed with prejudice by the undersigned on **2/19/16**.

The resolution session meeting took place on **2/19/16**, but the parties neither settled the case nor terminated the 30-day resolution period, which ended on **3/5/16**. A final decision in this matter must be reached no later than 45 days following the end of the resolution period, which requires a Hearing Officer Determination ("HOD") by **4/19/16**.

**Date and Time of Hearing**

The parties agreed that a due process hearing covering all issues will be held on **3/25/16,** from **9:30 a.m. until no later than 5:00 p.m.**, at the Office of Dispute Resolution, located at 810 First Street, N.E., 2nd Floor, Washington, D.C. 20002. The parties confirmed that no interpreter services or special accommodations are needed.

**Admissions**

None at this time.

**Stipulations**

The parties may confer prior to the due process hearing and submit written stipulations or present oral stipulations at the hearing.

**Issues and Defenses**

The issues raised by Petitioner and the responses of Respondent follow:

**Issue 1:** Whether Respondent denied Student a FAPE by placing Student, who is intellectually gifted but limited in accessing general education by his emotional disturbance, in (a) a Specific Learning Support ("SLS") program which is designed for children with specific learning disabilities, which Student did not have, and/or (b) a Behavior & Education Support ("BES") program in which he was placed with peers who were all a year ahead of him, causing behavioral issues. 34 C.F.R. 300.116, 300.115.

**Response:** Respondent denies the allegations and that Student was denied a FAPE as Student's 3/3/15 IEP did not mandate a BES classroom but simply required a self-contained environment. Student began the 2015/16 school year in a self-contained SLS classroom where he was academically successful. Student's IEP was revised in October 2015 and continued to provide 26.5 hours/week of specialized instruction outside general education, which was reasonably calculated to provide educational benefits. Student moved to the self-contained BES classroom after 10/28/15 and continues to be

academically successful despite some behavioral challenges which the school has attempted to address through positive behavioral interventions.

**Issue 2:** Whether Respondent denied Student a FAPE by failing to provide an appropriate IEP requiring a full-time out of general education setting with advanced programming, where Student's IEP team agreed that he needed advanced academics to avoid behavior problems due to being bored, but Student could not take Advanced Placement classes or UDC classes for college credit without reducing the service hours on his IEP. 34 C.F.R. 300.115, 300.116, 300.320(a)(4).

**Response:** Respondent denies the allegations and that Student was denied a FAPE as Student's IEPs were reasonably calculated to provide educational benefits when developed and Student was academically successful in his placement and location of service.

**ADA Claim Dismissed:** During the PHC, Respondent made an oral motion on the record to dismiss Petitioner's Americans with Disabilities Act ("ADA") claim for lack of subject matter jurisdiction. Having been given advanced notice by the undersigned that the ADA issue would be discussed during the PHC, Petitioner's counsel argued against dismissal on the basis of trying to exhaust Petitioner's administrative remedies, relying in particular on *Fry v. Napoleon Cmty. Sch.*, 788 F.3d 622 (6th Cir. 2015), which this Hearing Officer committed to review prior to ruling on the motion. Finding nothing in *Fry* suggesting that IDEA Hearing Officers have jurisdiction over ADA claims, the undersigned relies on the limitation of Hearing Officer jurisdiction to IDEA matters in 34 C.F.R. 300.507(a)(1), and hereby **dismisses without prejudice** Petitioner's ADA claim.

**<u>Relief Requested by Petitioner</u>**

1. A finding that Student was denied a FAPE.
2. DCPS shall place Student in an appropriate placement that is sufficiently restrictive and also sufficiently advanced academically.
3. DCPS shall provide or fund appropriate compensatory education[3] to remedy any denial of FAPE.

---

[3] With regard to the request for compensatory education, Petitioner's counsel was put on notice that, at the due process hearing, Petitioner must introduce evidence supporting the requested compensatory education, including evidence of specific educational deficits resulting from Student's alleged denial of FAPE and the specific compensatory measures needed to best correct those deficits, i.e., to elevate Student to the approximate position Student would have enjoyed had Student not suffered the alleged denial of FAPE. Respondent should be prepared at the due process hearing to introduce evidence

4. Any other relief that is just and appropriate.

**Note:** Any issue, defense or request for relief in the complaint or response that is not memorialized in this Prehearing Order is waived and cannot be raised at the due process hearing, with the exception of jurisdictional issues which may be raised at any time.

**Motions**

Counsel indicated that they do not currently anticipate filing any motions in this case.

Should any dispute arise between now and the time of the due process hearing, counsel are directed to first confer with opposing counsel and attempt to resolve the matter. If no resolution is possible, counsel should immediately submit to the Hearing Officer, by email, a synopsis of the problem and the desired resolution. The Hearing Officer will advise counsel by email whether or not a motion must be filed in order to resolve the dispute.

If any prehearing motions become necessary, they are due no later than 11:59 p.m. on the fifth business day prior to the due process hearing, i.e., **3/18/16**. The opposing party shall have until 11:59 p.m. of the third business day following the filing of the motion, to file an opposition to the motion. The moving party shall have until 2:00 p.m. of the next business day following the filing of an opposition, to file any reply.

Any motions shall be filed with the Hearing Officer at Keith.Seat@dc.gov, and with the Office of Dispute Resolution by the means prescribed by Appropriate Standard Practices. The parties are directed to support motions and responses to motions with relevant supporting affidavits, declarations or documents. Exhibits must be labeled P1-1, P1-2, etc. for Petitioner, and R1-1, R1-2, etc. for Respondent. Counsel are advised that motions submitted without supporting documentation are regarded by the Hearing Officer as the unsubstantiated statements of advocates and cannot be used as a basis for findings of fact or conclusions of law. All motions will be ruled on within 10 business days of the filing with ODR or receipt by the Hearing Officer, whichever comes first.

**Records**

Petitioner's counsel indicated there are no problems obtaining records from Respondent.

---

contravening the requested compensatory education in the event a denial of FAPE is found.

It is noted for the record that Petitioner raised an objection to having to introduce such evidence in support of a compensatory education claim.

**Prior Complaints/Settlement Agreements/HODs**

There are no prior complaints, settlement agreements or HODs that are known to be relevant to the determination of the issues in this complaint.

**Telephone Testimony**

Neither Petitioner's counsel nor Respondent's counsel objected to telephone testimony as long as the testifying witness has both parties' disclosures available while testifying. The party calling such witness must ensure that the witness is in a setting that protects confidentiality.

**Witnesses**

The parties must list all witnesses they wish to call and may not reserve the right to call witnesses listed on the other party's disclosure. Other than the parties (including one party representative for Respondent), witnesses will be sequestered, unless a party demonstrates that it is necessary for a particular expert to hear the testimony of other witnesses.

**For Petitioner**: Petitioner anticipates calling the following witnesses, which will be definitively stated in Petitioner's disclosures due by 11:59 p.m. on the fifth business day prior to the due process hearing, i.e., **3/18/16**:

1) LaShawn Smith, Petitioner and mother to Student, will testify about her efforts to obtain access to advanced placement and accelerated learning programs for Student.
2) [redacted] Student, will testify to his educational experience at CHEC.
3) Resheeda Hinkson, Assistant Principal and LEA representative, to testify about IEP development and Student's behavioral history at CHEC.
4) Gerald Kelly, community support worker, to testify about Student's social and educational development while at CHEC, as well as team considerations and discussions from IEP meetings.

**For Respondent**: Respondent anticipates calling the following witnesses, which will be definitively stated in Respondent's disclosures due by 11:59 p.m. on the fifth business day prior to the due process hearing, i.e., **3/18/16**:

1) Resheeda Hinkson, Assistant Principal and LEA Rep., expert in special education, will testify to all issues, including all meetings, communications with Parent and representatives, IEP development, services at CHEC and Student's overall performance.

2) Jezelle Estrado and/or Brittany Lee, Special Education Teacher, may testify to special education services provided to Student and Student's academic performance.
3) Thomasina Garner, Social Worker, may testify to behavioral interventions and support services provided at CHEC.

**Note**: The actual witnesses to be called by each party at the due process hearing are controlled by the disclosure statement of that party. The disclosure statement must also disclose any financial interest, of which the submitting attorney is aware, of any participant in a non-public provider or service that may be at issue in the due process hearing.

**<u>Due Process Hearing Procedure</u>**

Questioning of witnesses shall be limited to direct examination, cross-examination and redirect examination, with the caveat that both parties will be allowed follow-up questions based on questions posed by the Hearing Officer.

Petitioner shall have the opportunity to present relevant rebuttal evidence.

**<u>Exhibits/Documentary Evidence</u>**

The parties must disclose all proposed exhibits they wish to introduce, and may not reserve the right to introduce exhibits identified in the other party's disclosure. Counsel must disclose as proposed exhibits any emails or other correspondence between or among the parties, counsel and the Hearing Officer that they wish to be part of the record.

**<u>For Petitioner</u>:** Petitioner's exhibits and documentary evidence shall be included in Petitioner's disclosures, which are due by 11:59 p.m. on the fifth business day prior to the due process hearing, i.e., **3/18/16**.

**<u>For Respondent</u>:** Respondent's exhibits and documentary evidence shall be included in Respondent's disclosures, which are due by 11:59 p.m. on the fifth business day prior to the due process hearing, i.e., **3/18/16**.

**<u>Disclosures</u>**

Each party's list of witnesses and copies of exhibits shall be provided to opposing counsel no later than 11:59 p.m. on the fifth business day prior to the due process hearing, i.e., **3/18/16**. A copy of all disclosures shall be concurrently provided to the Office of Dispute Resolution as prescribed by the Office of Dispute Resolution, with a copy to the Hearing Officer at Keith.Seat@dc.gov. Counsel are directed to mark for identification purposes each page of their disclosures (e.g., Petitioner's as P1-1, P1-2,

etc.; Respondent's as R1-1, R1-2, etc.; and Joint Exhibits as J1-1, J1-2, etc.), and compile the exhibits with a Table of Contents.

The witness list must include the name and title of the witness and a brief, but informative description of the nature of the witness's testimony. A finalized, tabbed copy of the disclosures shall be provided to the Hearing Officer at the start of the due process hearing. **If any changes have been made to the disclosures since the time of initial filing, a complete, finalized and corrected copy must be filed with the Office of Dispute Resolution with a copy to the Hearing Officer and opposing counsel** prior to the start of the due process hearing.

The *curriculum vitae* of any witness called as an expert must be provided as part of that party's disclosures along with the specific area(s) in which the person will be offered as an expert. **The parties shall discuss prior to the due process hearing whether they will mutually agree to the expert designation(s). Unless voir dire is needed to determine whether a witness is acceptable as an expert, any objection to an expert designation shall be made within the same timeframe prior to the hearing as other objections to disclosures.**

Disclosures filed after 11:59 p.m. on the fifth business day prior to the due process hearing, i.e., **3/18/16**, are considered to be supplemental disclosures. Supplemental disclosures must be emailed to the Hearing Officer at Keith.Seat@dc.gov, with a copy to opposing counsel, no later than 24 hours prior to the due process hearing. **No supplemental disclosures will be admitted into evidence over the objection of the opposing party.** Objections to the late filing of disclosures *may* be cured by rescheduling the hearing. Rescheduling requests due to the late filing of disclosures *may* be granted only when the final decision due date does not have to be extended and there is no prejudice to the opposing party.

Objections to any of the witnesses, expert designations, or documents provided in the disclosures of the opposing party shall be made in a document entitled "Objections to Petitioner's/Respondent's Disclosures," as appropriate, to be filed with the Office of Dispute Resolution and the Hearing Officer, with a copy to the opposing party, no later than 11:59 p.m. on the second business day prior to the due process hearing, i.e., **3/23/16**, and must state the basis of the objection(s) with specificity. The objection(s) will be ruled on at the due process hearing. Failure to note objections as specified above will be deemed to be "no objection" to the witness, the expert designation, or the admission of the document into evidence.

**Notice to Compel Appearance**

Any party seeking the signature of the Chief Hearing Officer on a "Notice to Appear" shall forward the Notice to Appear to the Hearing Officer no later than 14 days prior to the due process hearing, i.e., **3/11/16**. The Hearing Officer will evaluate the request and forward it to the Chief Hearing Officer with a recommendation for approval or disapproval.

The Notice to Appear shall be accompanied by a written document entitled "Request for Notice to Appear" that must (1) state the relevancy of the testimony of the witness, (2) document the party's efforts to gain the cooperation of the witness, including the dates and nature of attempted contacts, and (3) document the efforts to gain the cooperation of the witness with the assistance of opposing counsel, as applicable, including the dates and nature of attempted contacts and any relevant emails. *See* SOP 800.1.4.

**Other Procedural Items**

Counsel concurred in the following:

- Apart from Petitioner's general objection,[4] there are no specific objections to the appointed Hearing Officer.
- No interpreter services or other accommodations are required.
- Petitioner opts for the hearing to be closed.
- Petitioner will be present in person for the due process hearing. If extenuating circumstances prevent Petitioner from appearing in person, Petitioner must request permission to be excused or to participate by telephone.
- Student will be present in person at the due process hearing if Student testifies.
- Respondent may have a representative present.
- Petitioner shall proceed first at the hearing.
- Petitioner shall carry the burden of proof.
- The parties shall be prepared to present oral closing arguments not to exceed 30 minutes each. Any legal citations that parties cite in closing arguments and wish to provide to the Hearing Officer must be submitted by email by 11:59 p.m. on the next business day, with a copy to opposing counsel.

---

[4] It is noted for the record that Petitioner objects to the appoint of any current hearing officer because DC Code section 38-2572.02(b) mandates that "[I]n selecting hearing officers for administering special education due process hearings, OSSE shall submit potential candidates for review to a 7-member community review panel." This provision went into effect on March 10, 2015. Even though the hearing officers were selected after March 10, 2015, none of OSSE's current hearing officers have been submitted for review to the community review panel because OSSE has not established the 7-member community review panel. As a result, the appointment of any hearing officer violates the Special Education Due Process Hearing Independent and Transparent Act of 2014. Petitioner respectfully requests appointment of a hearing officer who, as a candidate and prior to selection, was submitted for review the community review panel.

- At the time of the due process hearing, a party may request to provide a written closing argument, with the understanding that the timeline to issue a final decision will not be extended in order to accommodate a party's request to submit a written brief.
- Petitioner elects to be provided a written decision by USPS mail.
- Counsel consent to a copy of the decision being transmitted to them electronically.

**Withdrawal/Settlement of the Complaint**

Petitioner may voluntarily withdrawal the complaint, specific issues in the complaint, or any relief requested, **without** prejudice, at any time until the first witness is sworn in at the due process hearing.[5] However, if the facts and claims in this withdrawn complaint are virtually identical to a previous complaint Petitioner also withdrew, the Hearing Officer will consider the circumstances and may dismiss this complaint **with** prejudice. Resolution of this complaint due to a settlement agreement will result in the complaint being dismissed with prejudice, unless the parties agree otherwise.

**Other Matters**

The parties indicated that there were no other matters to be addressed.

If the District of Columbia Government is unexpectedly closed on the business day when disclosures, oppositions to motions, or replies to motions are due, or when any other deadline must be met by submission of a document, the filing date will be extended until the next business day when the Government is open.

The parties and their representatives shall be held to the matters agreed upon or ordered. If either party believes that the Hearing Officer has overlooked or misstated anything in this Order, he/she is directed to so advise the Hearing Officer within 3 business days of the date of this Prehearing Order, with a copy to opposing counsel, and the concern will be addressed immediately.

**IT IS SO ORDERED.**

Dated in Caption

/s/ Keith Seat
Keith L. Seat, Esq.
Hearing Officer

---

[5] The Hearing Officer has the discretion to dismiss a complaint with or without prejudice, pursuant to Appropriate Standard Practices 3.E.

Copies (by email) to:

Counsel of Record (in Caption)
OSSE-SPED (due.process@dc.gov)
ODR (hearing.office@dc.gov)
CHO

# DCSHO: [redacted] Case # 2016-0023 -- PHO From <keith.seat@dc.gov>

admin@dcsho.i-sight.com

Fri 3/11/2016 8:09 PM

To: charles.moran@camoranlaw.com <charles.moran@camoranlaw.com>; steve.nabors@camoranlaw.com <steve.nabors@camoranlaw.com>; Rubenstein, Steven (DCPS) <Steven.Rubenstein2@dc.gov>; joseph.golinker@camoranlaw.com <joseph.golinker@camoranlaw.com>;

Cc: Dietrich, Virginia (OSSE-Contractor) <virginia.dietrich@dc.gov>; Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; Due, Process (OCTO) <Due.Process@dc.gov>; HearingOffice, Student (OSSE) <Student.HearingOffice@dc.gov>;

1 attachment

Prehearing Order -- [redacted] (2016-0023) -- Keith L. Seat, HO (3-11-16).pdf;

** NOTE: Please do not modify subject line when replying **

** This email was sent by Keith Seat [mailto: keith.seat@dc.gov] **

Good evening, Counsel.

My Prehearing Order in the above case is attached for your final review. As we discussed at the Prehearing Conference, if I have overlooked or misstated anything in the Order, please advise me within 3 business days and I will address the issue immediately.

Keith L. Seat, Esq.
Hearing Officer, Mediator & Facilitator
Office of Dispute Resolution
810 First Street, N.E., Second Floor
Washington, D.C. 20002
Phone: 301-681-7450
Cell: 301-523-5535
Fax: 301-681-9243
keith.seat@dc.gov

# 15

**Subject:** [redacted] Mediation with another student
**From:** "Hinkson, Resheeda A. (DCPS)" <resheeda.hinkson@dc.gov>
**Date:** 3/11/16, 12:42 PM
**To:** "Shawn Smith (shawnnsmith516@gmail.com) (shawnnsmith516@gmail.com)" <shawnnsmith516@gmail.com>
**CC:** "Joseph Golinker (joseph.golinker@camoranlaw.com)" <joseph.golinker@camoranlaw.com>, "Rubenstein, Steven (DCPS)" <Steven.Rubenstein2@dc.gov>

Good Afternoon all

I would like to schedule a mediation with your team and the family of the student he had a physical altercation with on Friday March 18, 2016 at 11 am.

Please let me know if this date and time works for you both.

DISTRICT OF COLUMBIA
PUBLIC SCHOOLS
Office of the General Counsel

OSSE
Office of Dispute Resolution
March 21, 2016

March 18, 2016

**DISCLOSURE STATEMENT**

**Via Email: steve.nabors@camoranlaw.com**

**Subject:** [redacted]
**DOB:** [redacted]
**Case Number: 2016-0023**

Dear Mr. Nabors:

At the upcoming due process hearing in the above-referenced matter or any subsequent hearing, and pursuant to the Individuals with Disabilities Education Improvement Act, Pub. L. No. 108-446 and 34 C.F.R. 300.509(a)(3) (or any subsequent iteration thereof), in addition to any documents and witnesses disclosed by the parent, RESPONDENT may rely upon any of the following witnesses/documents[1], in addition to any documents and/or witnesses previously disclosed by any party for any earlier hearing for this student and/or compelled below pursuant to 34 CFR 300.509(a)(2) and 5 DCMR 3031.1(b):

**Witnesses**

**Columbia Heights Education Campus, 3101 16th St., NW, WDC 20010; (202) 939-7700**

Resheeda Hinkson, Special Education Coordinator: may testify as a fact and expert witness (in special education programming) about all issues, including but not limited to, knowledge of student, student's academic history at CHEC and student's performance at CHEC, communications with student, Petitioner and their representatives, all meetings she participated in concerning student, student's IEPs and IEP appropriateness, CHEC's implementation of IEP, programs, classes and services available at CHEC, and any other issues pertaining to the 15-16 SY.

Jalissa Hardesty, School Psychologist, may testify about all issues, including but not limited to, knowledge of student and student's disability profile, student's academic history at CHEC and student's performance at CHEC, communications with student, Petitioner and their representatives, all meetings she participated in concerning student and any other issues pertaining to the 15-16 SY.

Thomasina Garner, Social Worker, may testify to knowledge of student, student's history at CHEC and student's behavioral performance at CHEC, communications with student, Petitioner and their representatives, all meetings she participated in concerning student, behavioral supports and interventions provided at CHEC, and any other issues pertaining to the 15-16 SY.

---

[1] Witnesses may testify by telephone.

Jezelle Estrado, Special Education Teacher, may testify to knowledge of student, student's history at CHEC and student's academic performance at CHEC, communications with student, Petitioner and their representatives, all meetings she participated in concerning student, and any other issues pertaining to the 15-16 SY

**DCPS, Office of the Chief Operating Officer, 1200 First Street, N.E., WDC 20002; (202) 442-4800**

Shalonda Cogdell, Compliance Case Manager, may testify about RSM and any other meetings she has participated in concerning Student.

**DCPS, Office of Teaching and Learning, 1200 First Street, N.E., WDC 20002; (202) 442-4800**

Nicole Garcia, Program Manager, Behavioral and Education Support Program, may testify as expert witness in special education programming and behavioral interventions for children with disabilities about her knowledge of student, the DCPS Behavioral and Education Support Program, resources at CHEC, communications with CHEC staff, and appropriateness of DCPS IEP and programming for Student.

Traun Brodhead, Manager, Secondary Advanced and Enriched Instruction, may testify about DCPS' Advanced Placement offerings.

**Documents**

| | | | |
|---|---|---|---|
| RESPONDENT-1 | Educational Assessment | Date: | 2/12/15 |
| RESPONDENT-2 | IEP | Date: | 3/3/15 |
| RESPONDENT-3 | Report Card Term 1 | Date: | 11/24/15 |
| RESPONDENT-4 | Report Card Term 2 | Date: | 2/12/16 |
| RESPONDENT-5 | BIP | Date: | 11/24/15 |
| RESPONDENT-6 | Safety Contract | Date: | 12/16/15 |
| RESPONDENT-7 | Consent for Reevaluation | Date: | 2/19/16 |
| RESPONDENT-8 | PWN | Date: | 2/26/16 |
| RESPONDENT-9 | CVs | Date: | N/A |

If you wish to discuss any aspect of this case further, or have questions, please contact me at (202) 442-5171.

Submitted by:

***Steven N. Rubenstein (electronic signature)***
Steven N. Rubenstein
Attorney-Advisor
D.C. Public Schools

cc: ODR

**From:** Rubenstein, Steven (DCPS)
**To:** steve.nabors@camoranlaw.com; Seat, Keith (OSSE-Contractor)
**Cc:** charles.moran@camoranlaw.com; HearingOffice, Student (OSSE)
**Subject:** 2016-0023 (AJ) - DCPS Disclosure
**Date:** Friday, March 18, 2016 9:15:53 PM
**Attachments:** 2016-0023 (AJ) - DCPS Disclosure.pdf

---

Attached, please find DCPS' disclosure in this matter.

Thank you,

Steven Rubenstein
Attorney-Advisor
D.C. Public Schools
Office of the General Counsel
1200 First Street, N.E., 10th Floor
Washington, D.C. 20002
(202) 442-5171 – direct
(202) 442-5097 – fax

**CONFIDENTIALITY NOTICE**

**This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.**

**Metadata: This e-mail transmission and any accompanying material may contain embedded metadata. Any included metadata is confidential or privileged information and is not intended to be viewed by a non-client recipient.**

# 17

OSSE
Office of Dispute Resolution
March 28, 2016

**MORAN & ASSOCIATES**
Attorneys at Law
1220 L St NW
Suite 700
Washington, D.C. 20005

March 18, 2016

Mr. Stephen Rubenstein, Esq.
District of Columbia Public Schools
1200 First Street NE, Tenth Floor
Washington, DC 20002

**DISCLOSURE STATEMENT**

Mr. Rubenstein:

At the upcoming due process hearing, ODR Case No. 16-23, petitioners disclose the following witnesses:

1. Ms. Smith, Petitioner and parent, will testify about her efforts to obtain access to advanced placement and accelerated learning programs for the student.

2. A.J., the student, to testify about his educational experience at CHEC.

3. Ms. Hinkson, assistant principal and LEA representative, to testify about IEP development and [redacted] behavioral history at CHEC.

4. Mr. Kelly, community support worker, to testify on [redacted] social and educational development while at CHEC, as well as team considerations and discussions from IEP meetings.

Additionally, the Petitioner discloses the following documents:

Ex. 1 12.26.2007 Dear Colleague Letter

Ex. 2 AJ IEP

Ex. 3 AJ BIP

Ex. 4 AJ FBA

Ex. 5 AJ LRE Review

Ex. 6 9.17.2015 AJ Email

Ex. 7 10.16.15 Meeting Notes Email

Ex. 8 10.16.15 JBG IEP Notes

Ex. 9 10.20.15 Estrado Referral

Ex. 10 11.12.15 Settle Referral

Ex. 11 11.19.15 Behavior Concerns Email

Ex. 12 11.23.15 AJ Breedlove Referral

Ex. 13 11.23.15 AJ Burnette Referral

Ex. 14 11.23.15 Emails

Ex. 15 12.1.15 AJ Burnette Referral

Ex. 16 12.1.15 AJ Settle Referral

Ex. 17 12.1.15 Lee Referral

Ex. 18 12.3.15 Suspension Report

Ex. 19 12.7.15 Suspension Email

Ex. 20 12.10.15 AJ Suspension Emails

Ex. 21 1.15.16 AJ Breedlove Referral

Ex. 22 2.1.16 Options Email

Ex. 23 3.11.16 New Issues Email

Additionally, the petitioner discloses the following audio recordings:

Ex. 24 MDT Meeting Recording 1

Ex. 25 MDT Meeting Recording 2

Ex. 26 MDT Meeting Recording 3

Ex. 27 LRE Meeting Recording

# Re: DCSHO: [redacted] Case # 2016-0023 -- Petitioner's Redacted Disclosures

Joseph Golinker <joseph.golinker@camoranlaw.com>

Sat 3/26/2016 1:25 PM

To:admin@dcsho.i-sight.com <admin@dcsho.i-sight.com>; charles.moran@camoranlaw.com <charles.moran@camoranlaw.com>; Steve Nabors <steve.nabors@camoranlaw.com>; Rubenstein, Steven (DCPS) <Steven.Rubenstein2@dc.gov>;

Cc:Dietrich, Virginia (OSSE-Contractor) <virginia.dietrich@dc.gov>; Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; Due, Process (OCTO) <Due.Process@dc.gov>; HearingOffice, Student (OSSE) <Student.HearingOffice@dc.gov>;

1 attachment

AJ Disclosures_Redacted.pdf;

Attached please find Petitioner's Disclosures, recompiled and redacted as requested.

The audio disclosures in this case can be downloaded from dropbox:
https://www.dropbox.com/sh/lyd0fa6zrsf0fnv/AAAoewOu0dbP-SleJVpyFbU0a?dl=0

Best,

Joey

--

Joey Golinker
Law Clerk
Moran & Associates
1220 L Street NW Suite 700
Washington D.C. 20005
(P) 202.742.2005
(F) 202.742.2097

# 16

OSSE
Office of Dispute Resolution
March 24, 2016

**District of Columbia**
**Office of the State Superintendent of Education**
**Office of Dispute Resolution**

**LaShawn Smith, on behalf of**
**[redacted] DOB: [redacted]**

**Petitioner,**
**v.**

**District of Columbia Public Schools, OSSE**

**Respondents**

**Case Number: 2016-0023**
**Hearing Officer: Keith Seat, Esq.**

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS' OBJECTIONS TO PETITIONER'S DISCLOSURES**

The District of Columbia Public Schools (hereinafter "DCPS"), by and through the undersigned, hereby provides its Objections to Petitioner's Disclosures to the Administrative Due Process Complaint Notice filed on February 4, 2016 by LaShawn Smith ("Petitioner") on behalf of [redacted] DOB: [redacted] ("Student"), pursuant to the Individuals with Disabilities Education Improvement Act (hereinafter "IDEA").

1. P-24, 25, 26, 27 - Authentication

DATED: 23rd day of March, 2016

By:/s/ *Steven N. Rubenstein* (electronic signature)
Steven N. Rubenstein, Esq.
Attorney-Advisor
Office of the General Counsel, District of Columbia Public Schools
1200 First Street N.E., 10th Floor
Washington, DC 20002
Steven.Rubenstein2@dc.gov
202-442-5171 (Desk)

**CERTIFICATE OF SERVICE**

I, Steven N. Rubenstein, hereby certify that a copy of DCPS' Response was served on March 23, 2016 via email.

Dated: March 23, 2016

/s/ *Steven N. Rubenstein (Electronic Signature)*
STEVEN N. RUBENSTEIN, ESQ.

# 2016-0023 - DCPS Objections

Rubenstein, Steven (DCPS) <Steven.Rubenstein2@dc.gov>

Wed 3/23/2016 9:50 PM

To: Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; steve.nabors@camoranlaw.com <steve.nabors@camoranlaw.com>; charles.moran@camoranlaw.com <charles.moran@camoranlaw.com>;

Cc: HearingOffice, Student (OSSE) <Student.HearingOffice@dc.gov>;

1 attachment

2016-0023 (AJ) - DCPS Objections.pdf;

Good evening,

Attached, please find DCPS' objections.

Thank you,
Steven Rubenstein

18

OSSE
Office of Dispute Resolution
March 29, 2016

**District of Columbia**
**Office of the State Superintendent of Education**
**Office of Dispute Resolution**

| | |
|---|---|
| **LaShawn Smith, on behalf of** [redacted] **DOB:** [redacted]<br><br>**Petitioner,**<br>**v.**<br><br>**District of Columbia Public Schools, OSSE**<br><br>**Respondents** | **Case Number: 2016-0023**<br>**Hearing Officer: Keith Seat, Esq.** |

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS' LIST OF AUTHORITIES**

The District of Columbia Public Schools (hereinafter "DCPS"), by and through the undersigned, hereby provides its List of Authorities for the Administrative Due Process Complaint Notice filed on February 4, 2016 by LaShawn Smith ("Petitioner") on behalf of [redacted] DOB: [redacted] ("Student"), pursuant to the Individuals with Disabilities Education Improvement Act (hereinafter "IDEA").

- *Board of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley,* 458 U.S. 176, 198 (U.S. 1982) (The IDEA imposes no additional requirement that services provided be sufficient to maximize each child's potential).
- *Kerkam v. McKenzie*, 862 F.2d 884, 889 (D.C. Cir. 1988) (holding lower court's opinion to be inconsistent with the "some educational benefit" standard of *Rowley* but rather "strongly suggestive of reliance on the potential-maximizing standard that *Rowley* forbids.").
- *O.S. v. Fairfax Cty. Sch. Bd.*, 804 F.3d 354, 360 (4th Cir. 2015) (In consideration of whether a heightened "meaningful benefit" standard had replaced the "some benefit" standard, the court holds, "In this circuit, the standard remains the same as it has been for decades: a school provides a FAPE so long as a child receives some educational benefit, meaning a benefit that is more than minimal or trivial, from special instruction and services.").
- *Sneitzer v. Iowa Dep't of Educ.*, 796 F.3d 942, 950 (8th Cir. 2015) (District's IEP was providing student with "some educational benefit" and therefore substantively appropriate).
- *Endrew F. by Joseph F. and Jennifer F. v. Douglas County Sch. Dist. RE-1*, 798 F.3d 1329, 1338-41 (10th Cir. 2015) (rejecting argument that "meaningful benefit" standard had replaced the "some benefit" standard).

- *Klein Indep. Sch. Dist. v. Hovem*, 690 F.3d 390, 398 (5th Cir. 2012) ("[O]verall educational benefit, not solely disability remediation, is IDEA's statutory goal... *Rowley* emphasizes that courts should not lightly disregard educators' decisions on the appropriate educational methods to achieve a FAPE.")
- *Smith v. Dist. of Columbia,* 846 F. Supp. 2d 197, 202 (D.D.C. 2012) (The IDEA's "FAPE requirement is satisfied 'by providing personalized instruction with sufficient support services to permit the child to benefit educationally from that instruction… DCPS is not required to fund services that go considerably beyond the 'basic floor opportunity.'" (citing *Rowley*)).
- *Shaw v. Dist. of Columbia*, 238 F.Supp.2d 127, 139 (D.D.C. 2002) (IDEA does not provide for an "education ... designed according to the parent's desires").
- 20 U.S.C. § 1414(d)(1)(A) (IEP requirements related to enabling child with disability to be involved in and make progress in "the general education curriculum").
- 34 CFR § 300.320(a)(1)(i) (the general education curriculum is "the same curriculum as for nondisabled children").
- *Dear Colleague Letter*, 115 LRP 53903 (Nov. 16, 2015) ("consistent with the interpretation of 'general education curriculum (i.e., the same curriculum as for nondisabled children)' based on the State's academic content standards for the grade in which a child is enrolled set forth in this letter, an IEP Team must ensure that annual IEP goals are aligned with the State academic content standards for the grade in which a child is enrolled.").
- *District of Columbia v. Walker*, 109 F.Supp.3d 58, 66 (D.D.C. 2015) (the "adequacy of an IEP can be measured only at the time it is formulated, not in hindsight.").
- *K.S. v. D.C.*, 962 F. Supp. 2d 216 (D.D.C. 2013) (legal standard for determination of IEP appropriateness).
- *Roark ex rel. Roark v. D.C.*, 460 F. Supp. 2d 32, 44 (D.D.C. 2006) ("Academic success is an important factor in determining whether an IEP is reasonably calculated to provide education benefits." (quotations and citations omitted)).
- *Endrew F. by Joseph F. and Jennifer F. v. Douglas County Sch. Dist. RE-1*, 798 F.3d 1329, 1337 (10th Cir. 2015) ("The Act provides that in developing and revising a student's IEP, the IEP team must, 'in the case of a child whose behavior impedes the child's learning or that of others, consider the use of positive behavioral interventions and supports, and other strategies, to address that behavior.' The requirement is merely to 'consider the use' of the listed behavioral interventions." (citations and quotations omitted)).
- *Heather S. v. Wisconsin*, 125 F.3d 1045, 1055 (7th Cir.1997) (The IDEA "charges a school with the responsibility of developing an appropriate education, not with coming up with a proper label.").
- *Pohorecki v. Anthony Wayne Local Sch. Dist.*, 637 F. Supp. 2d 547, 557 (N.D. Ohio 2009) ("Under 20 U.S.C. § 1412(a)(3)(B), states are not required to classify IDEA-

qualifying students into a specific category; rather the focus of the mandate is on adequacy of services.").

- *S.F. and Y.D. ex rel. G.F.D. v. New York City Dep't of Educ.*, 57 IDELR 287 (S.D.N.Y. 2011) (district did not violate the IDEA when it offered to place an eighth-grader with learning disabilities in a class that also included student with an emotional disturbance, as IDEA does not require a district to group students in special education classrooms by disability).
- *Southeastern Community College v. Davis*, 442 U.S. 397 (1979) (Rehabilitation Act's prohibition on discrimination against an "otherwise qualified handicapped individual" in federally funded programs "solely by reason of his handicap" imposes no requirement upon educational institution to lower or to effect substantial modifications of standards to accommodate handicapped person).

DATED: 28th day of March, 2016

By:/s/ *Steven N. Rubenstein* (electronic signature)

Steven N. Rubenstein, Esq.
Attorney-Advisor
Office of the General Counsel, District of Columbia Public Schools
1200 First Street N.E., 10th Floor
Washington, DC 20002
Steven.Rubenstein2@dc.gov
202-442-5171 (Desk)

**CERTIFICATE OF SERVICE**

I, Steven N. Rubenstein, hereby certify that a copy of DCPS' pleading was served on March 28, 2016 via email.

Dated: March 28, 2016

/s/ *Steven N. Rubenstein (Electronic Signature)*
STEVEN N. RUBENSTEIN, ESQ.

Rubenstein, Steven (DCPS) <Steven.Rubenstein2@dc.gov>

Mon 3/28/2016 9:44 PM

To:Seat, Keith (OSSE-Contractor) <keith.seat@dc.gov>; steve.nabors@camoranlaw.com <steve.nabors@camoranlaw.com>;

Cc:HearingOffice, Student (OSSE) <Student.HearingOffice@dc.gov>; charles.moran@camoranlaw.com <charles.moran@camoranlaw.com>;

1 attachment

2016-0023 (AJ) - DCPS Authorities.pdf;

Attached, please find DCPS' list of authorities in this matter.

Thank you,
Steven Rubenstein

# 20

**Cesar Chavez PCS - Parkside MS**
**3701 Hayes St NE**
**Washington, DC 20019**

# FBA

| Student Information | | | | |
|---|---|---|---|---|
| **Student:** [redacted] | **Local ID:** 9206289 | **State USI:** 5903565733 | **DOB** [redacted] | **Grade:** 6 |
| **Last Eligibility Meeting Date:** 05/08/2012 | | **Last IEP Annual Review Meeting Date:** 05/08/2012 | | |

**LEA/School Information**

**LEA of Enrollment:** Cesar Chavez PCS
**School/Site:** Cesar Chavez PCS - Parkside MS
**School Address:** 3701 Hayes St NE, Washington, DC 20019
**Case Manager:** Melissa Green-Peterson
**School Phone:** 202-398-2230

## Parent/Guardian Information

| | | | |
|---|---|---|---|
| **Parent/Guardian:** | Lashawn Smith | **Relationship:** | Relative |
| **Home Address:** | 2918 Sst Se<br>Washington<br>DC<br>20020 | **Home Phone:**<br>**Work Phone:**<br>**Cell Phone:** | |

**Background Information:**

**Reason for Referral:**
Student continues to have difficulties with managing his emotions. He often becomes verbally abusive towards staff and peers and physically aggressive with peers. During these times of crisis he struggles with de-escalating and becomes oppositional and defiant often refusing to continue with his day at school (i.e. going to class, completing work assignments, staying focused and appropriate with others and following directions) and requesting to call his parent to be dismissed from school.

**Educationally Relevant Background Information:** activity level is high, concentration depends upon activity, general health is good, lives with parents, needs cues to restart tasks, currently taking medications, somewhat distractible, difficulty following directions, highly distractible, inconsistent concentration, aggressive, unsatisfactory attendance, appears to be purposely inattentive, relates poorly with others.

**Additional educationally relevant background information:**
Student has missed many days of school due to suspensions as a result of verbal and physical aggression towards staff and peers.

**Provide relevant information about the student's home environment which may impact this FBA:**
Parent is engaged and respective to interventions recommended by staff.

**Cesar Chavez PCS - Parkside MS**
**3701 Hayes St NE**
**Washington, DC 20019**

I. **Describe the Behavior of Concern:**
**Specifically describe what the behavior looks like in observable, measurable terms. You must include baseline data that includes frequency (how often behavior occurs - hour, day, etc.) and duration (how long does the behavior last - each occurrence).**

1. **Behavior of Concern:** Defiance, Physical aggression, Social skills, Noncompliance, Picks on others, Verbal aggression, Bullying, Fighting, Off task, Distracting others
**If you chose "Other", describe:**

2. **Location of Target Behavior:** Reading, Social, Art, English/Language Arts, Physical Education, Music, Math, Lunchroom, After School.

3. **Time of Day:** midday, afternoon, after school, continously, morning, lunch period.

4. **Describe the duration of the behavior:**
Once the behaviors occur in the school setting, regardless of the time of day, student struggles with de-escalating and returning to the classroom to be successful.

5. **Describe the frequency of the behavior:**
The behaviors of concern occur throughout the day.

II. **Antecedents to the Behavior of Concern:**

1. **Does the behavior allow the student to gain activities, items, personal attention and/or sensory stimulation?** Yes
**Describe:**
The behaviors allow student to gain personal attention from staff as well as a call home to parent.

2. **Are there circumstances in which the behavior NEVER or ALWAYS occurs?** No
**Describe:**

3. **Does the behavior occur LESS or MORE often during particular activities, with certain people, or during specific times of the day?** Yes
**Describe:**
Behavior more often during music and math class. Behaviors occur less in lunch/recess, geography and earth science.

4. **Does the behavior occur in response to demands, termination of preferred activities, tone of voice, change in routine, transitions or the number of other people in the room?** Yes
**Describe:**
Behaviors are often displayed when student has to transition from preferred activities or is accused of an infraction that he denies.

5. **Could the behavior be related to educational or skills deficits (academic, communications, social or sensory processing)?** No
**Describe:**

**Cesar Chavez PCS - Parkside MS**
**3701 Hayes St NE**
**Washington, DC 20019**

III. **Reinforcers (Consequences) That Maintain the Behavior of Concern:**

1. **Does the behavior allow the student to gain activities, items, personal attention and/or sensory stimulation?** Yes
**Describe:**
The behaviors allow student to gain personal attention from staff as well as calls home to parent.

2. **Does the behavior allow the student to postpone, avoid, escape or delay activities, items, personal attention and/or sensory stimulation?** Yes
**Describe:**
The continued behaviors allow for student to be removed from the classroom and therefore not in the presence of the person or subject that he is avoiding.

3. **The negative ramifications of these behaviors are:** disruption, interferes with safe transport, dangerous to self, impedes educational progress, impacts interpersonal relationships with adults, interferes with social interactions, dangerous to others, impacts interpersonal relationships with peers, property damage, interferes with instruction, intimidates others.

IV. **Perceived Function of the Behavior of Concern:**
**Describe why the Team believes the student does what he/she does. What is the reason? What does the student gain? What does the student avoid, postpone or escape from? Why?**
The team believes that the student displays these behaviors due to difficulties regulating his emotions and self-control. Also student struggles with acknowledging his role in conflict and displays a lack of remorse for others. The team believes that student often avoids specific classes based on his like or dislike for teachers.
When behaviors occur student gains 1-1 attention and is removed from the class that he is avoiding. Also, he is able to speak to parent at home during these times to request to be released from school.

V. **Summary of Assessments:**

**Additional Information from Previous Assessments:**
n/a
**Direct/Indirect Assessments:**
n/a

VI. **Observations:**
**Observation 1 Date:** 10/26/2012 **Observation Setting:** Social Studies
**Observed Behaviors:** aggressive, excited, did not follow teacher directions, did not respond when called upon
**Additional Observation Detail:**
During this observation student was brought back into the building after dismissal due to a physical altercation with another peer. This writer requested that student come upstairs with me to process this incident however when I turned around he ran out of the building.

**Observation 2 Date:** 12/19/2012 **Observation Setting:** Music
**Observed Behaviors:** did not work cooperatively with others, distracted others verbally, related well to some but not others, restless, did not follow teacher directions, invested no effort, unable to sit correctly, unfocused

**Cesar Chavez PCS - Parkside MS**
**3701 Hayes St NE**
**Washington, DC 20019**

**Additional Observation Detail:**
Scholar came to my office after behaviors took place in class. He was visibly excited and refused to return to class. Note that he used one of his time-out passes. He joined the group that was in session at that time and did very well in group. He returned to math class after session terminated and was in a positive and calm mood. 10 minutes later he returned to my class using a 2nd time-out pass and expressing that he did not want to attend math class because he doesn't like his teacher and its boring.

VII. **Summary Statement Including Antecedents, Behavior and Function:**
**The Team should carefully develop one or more statements using the following format that summarizes the information in this FBA.** *When (antecedents to the behavior) occurs, the student does (specific behavior of concern), in order to get (the perceived function of the behavior):*
The behaviors student is blamed for and/or being redirected or receiving a consequence for something which he believes is unfair, the student becomes off-task, disrespectful and unable to follow directions, verbally and/or physically abusive (see other identified behaviors) in order to gain personal attention, be removed from class and receive a call home to parent to possibly be released from school.

VIII. **Educational or Skill Deficit(s) Related to the Behavior of Concern:**
**The Team should consider and carefully describe any specific deficits the student may have and that may be serving as an antecedent to the behavior of concern:**
The students current diagnosis affects the students behaviors in school and responses to anger and frustration. Student continues to display emotional deficits and poor judgment when responding to negative situations.

**The Team should indicate how the student's IEP through his/her special education program, supports and related services can address the identified deficit(s):**
The students IEP supports and addresses the students behaviors. One-one interactions, small groups and school-based counseling will address targeted behaviors as well as implementation of coping skills.

IX. **Other Information:**
**The Team should indicate any other information that may assist in developing a Behavioral Support Plan for [redacted]:**
The team is in agreement that the student requires a behavior intervention plan to provide additional supports to student.

Behavioral Concerns

Ref.: [redacted]

[redacted] attends Columbia Heights Educational Campus. According to his mother, he has been proscribed several medications. That means he requires consistent medication management. It is important for the school to have on record the name, dosage and side effects of the medications.

What should we be seeing in his behavior that indicates he is taking his medications or that the medications are working?

[redacted] is making progress gradually in regards to his behavior, but he lacks boundaries and deliberately chooses to act in a particular way, and then excuses his behavior by blaming others or proclaiming anger management difficulties.

Sincerely,

Thomasina Garner

UNITED STATES DEPARTMENT OF EDUCATION

OFFICE FOR CIVIL RIGHTS

THE ASSISTANT SECRETARY

DEC 26 2007

Dear Colleague:

I am writing to advise you of an issue involving students with disabilities seeking enrollment in challenging academic programs, such as Advanced Placement and International Baccalaureate classes or programs (accelerated programs). Specifically, it has been reported that some schools and school districts have refused to allow qualified students with disabilities to participate in such programs. Similarly, we are informed of schools and school districts that, as a condition of participation in such programs, have required qualified students with disabilities to give up the services that have been designed to meet their individual needs. These practices are inconsistent with Federal law, and the Office for Civil Rights (OCR) in the U.S. Department of Education will continue to act promptly to remedy such violations where they occur.

As you know, OCR is responsible for enforcing two Federal laws that protect qualified individuals with disabilities from discrimination. OCR enforces Section 504 of the *Rehabilitation Act of 1973* (Section 504) and its implementing regulations at 34 CFR Part 104, which prohibit discrimination on the basis of disability in programs or activities receiving Federal financial assistance. OCR is also responsible, in the education context, for enforcing Title II of the *Americans with Disabilities Act of 1990* (Title II) and its implementing regulations at 28 CFR Part 35, which prohibit discrimination on the basis of disability by entities of State and local government. Although this letter discusses aspects of the Section 504 regulation, Title II provides no lesser protections than does Section 504. Also relevant are the requirements of the *Individuals with Disabilities Education Act* (IDEA), which is administered by the Department's Office of Special Education Programs (OSEP). The *IDEA* provides funds to States and school districts in order to assist them in providing special education and related services to eligible children with disabilities. The *IDEA*'s implementing regulations are located at 34 CFR Part 300. OCR consulted with OSEP in drafting this letter.[1]

As an initial matter, I want to commend the efforts so many of you have made to ensure that placement decisions for all students are based on each student's individual academic abilities regardless of the presence, nature, or severity of a disability. I want to ensure that all of you are aware of the Federal civil rights requirements discussed below.

---

[1] You may contact OSEP to address any issues that relate specifically to the requirements of *IDEA*. Contact information for OSEP is available online at: http://www.ed.gov/policy/speced/guid/idea/monitor/state-contact-list.html.

**Prohibition Against Disability-Based Discrimination in Accelerated Programs**

The practice of denying, on the basis of disability, a qualified student with a disability the opportunity to participate in an accelerated program violates both Section 504 and Title II. Discrimination prohibited by these laws includes, on the basis of disability, denying a qualified individual with a disability the opportunity to participate in or benefit from the recipient's aids, benefits, or services, and affording a qualified individual with a disability with an opportunity to participate in or benefit from the aid, benefit or service in a manner that is not equal to that offered to individuals without disabilities. 34 CFR 104.4(a), (b)(1)(i), (b)(1)(ii); 28 CFR 35.130(a), (b)(1)(i), (b)(1)(ii).

Under Section 504 and Title II, a recipient may not utilize criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability. 34 CFR 104.4(b)(4) and 28 CFR 35.130(b)(3). A public entity also may not impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered. 28 CFR 35.130(b)(8). Public school students with disabilities who require special education and/or related services receive them either through implementation of an individualized education program (IEP) developed in accordance with Part B of the *IDEA* or a plan developed under Section 504. 34 CFR 104.33. It is unlawful to deny a student with a disability admission to an accelerated class or program solely because of that student's need for special education or related aids and services[2], or because that student has an IEP or a plan under Section 504. The practice of conditioning participation in an accelerated class or program by a qualified student with a disability on the forfeiture of special education or of related aids and services to which the student is legally entitled also violates the Section 504 and Title II requirements stated above.

Please note that nothing in Section 504 or Title II requires schools to admit into accelerated classes or programs students with disabilities who would not otherwise be qualified for these classes or programs. Generally, under Section 504, an elementary or secondary school student with a disability is a qualified individual with a disability if the student is of compulsory school age. However, schools may employ appropriate eligibility requirements or criteria in determining whether to admit students, including students with disabilities, into accelerated programs or classes. Section 504 and Title II require that qualified students with disabilities be given the same opportunities to compete for and benefit from accelerated programs and classes as are given to students without disabilities. 34 CFR 104.4(b)(1)(ii) and 28 CFR 35.130(b)(1)(ii).

Furthermore, a recipient's provision of necessary special education and related aids and services to qualified students with disabilities in accelerated classes or programs must be consistent with the Section 504 and Title II requirements regarding free appropriate public education (FAPE).

---

[2] The term "related aids and services" as used here is intended to include both the Section 504 requirements at 34 CFR 104.33(c) and the equivalent requirements under the *IDEA*, i.e. related services, supplementary aids and services, program modifications and supports for school personnel. See 34 CFR 300.34, 300.42, and 300.320(a)(4).

**Free Appropriate Public Education**

In general, conditioning participation in accelerated classes or programs by qualified students with disabilities on the forfeiture of necessary special education or related aids and services amounts to a denial of FAPE under both Part B of the *IDEA* and Section 504.

Section 504 requires a recipient that operates a public elementary or secondary education program or activity to provide FAPE to each qualified person with a disability who is in the recipient's jurisdiction, regardless of the nature or severity of the person's disability. 34 CFR 104.33(a). Under Section 504, the provision of an appropriate education is the provision of regular or special education and related aids and services that satisfy certain procedural requirements and that are designed to meet the individual education needs of persons with disabilities as adequately as the needs of persons without disabilities are met. 34 CFR 104.33(b)(1)(i). School districts may create a plan or other document to provide students with disabilities with FAPE pursuant to Section 504. The Section 504 FAPE requirement may also be met through the implementation of an IEP developed in accordance with Part B of the *IDEA*. 34 CFR 104.33(b)(2).

Part B of the *IDEA* requires that FAPE be made available to eligible students with disabilities in certain age ranges. The *IDEA* defines FAPE as special education and related services that: are provided free of charge; meet State standards; include an appropriate preschool, elementary school, or secondary school education; and are provided in conformity with a properly developed IEP. 20 USC § 1401(a)(9); 34 CFR 300.17.[3]

Participation by a student with a disability in an accelerated class or program generally would be considered part of the regular education or the regular classes referenced in the Section 504 and the *IDEA* regulations. Thus, if a qualified student with a disability requires related aids and services to participate in a regular education class or program, then a school cannot deny that student the needed related aids and services in an accelerated class or program. For example, if a student's IEP or plan under Section 504 provides for Braille materials in order to participate in the regular education program and she enrolls in an accelerated or advanced history class, then she also must receive Braille materials for that class. The same would be true for other needed related aids and services such as extended time on tests or the use of a computer to take notes.

Conditioning enrollment in an advanced class or program on the forfeiture of needed special education or related aids and services is also inconsistent with the principle of individualized determinations, which is a key procedural aspect of the *IDEA*, Section 504 and Title II. As noted above, under Section 504, the provision of FAPE is based on the student's individual education

[3] Among other things, an IEP must contain a statement of the special education and related services and supplementary aids and services to be provided to the child, or on behalf of the child, and a statement of the program modifications or supports for school personnel that will be provided to enable the child to advance appropriately toward attaining the annual goals; to be involved in and make progress in the general education curriculum and to participate in extracurricular and other nonacademic activities; and to be educated and participate with other children with disabilities and those without disabilities. An IEP also must contain an explanation of the extent, if any, to which the child will not participate with children without disabilities in the regular class and in these activities. 34 CFR 300.320(a)(4)-(5).

needs as determined through specific procedures--generally, an evaluation in accordance with Section 504 requirements. 34 CFR 104.35. An individualized determination may result in a decision that a qualified student with a disability requires related aids and services for some or all of his regular education classes or his program. Likewise, the *IDEA* contains specific procedures for evaluations and for the development of IEPs that require individualized determinations. See 34 CFR 300.301 through 300.328. The requirement for individualized determinations is violated when schools ignore the student's individual needs and *automatically* deny a qualified student with a disability needed related aids and services in an accelerated class or program.

I urge you to use the information provided in this letter to continue to evaluate whether your school district is in compliance with these anti-discrimination requirements. OCR remains willing to continue supporting you in these efforts. We provide technical assistance to entities that request assistance in voluntarily complying with the civil rights laws that OCR enforces. If you need additional information or assistance on these or other matters, please do not hesitate to contact the OCR enforcement office that serves your state or territory. The contact information for each office is available online at: http://wdcrobcolp01.ed.gov/CFAPPS/OCR/contactus.cfm. I thank you in advance for your cooperation and assistance in this important matter.

Sincerely,

Stephanie J. Monroe
Assistant Secretary for Civil Rights