# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LASHAWN SMITH, | ) |
| | ) |
| | )     **Civil Action No. 16-01386 (RDM)** |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DISTRICT OF COLUMBIA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff, LaShawn Smith ("Ms. Smith") on behalf of her son AJ, initiated this action against the District of Columbia Public School system ("the District") under the Individual with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"), (Count I); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Count II), and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 et seq. (Count III).  *See* Complaint, generally [1].

Specifically, Plaintiff seeks reversal of the administrative hearing officer's determination, issued on April 2, 2016, that DCPS did not deny AJ a free appropriate public education ("FAPE"). Before the undersigned are the parties' cross-motions for summary judgment.  *Id.*

The matter was referred to Magistrate Judge Deborah A. Robinson for case management. After briefing on cross motions summary judgment filed by both parties, the parties subsequently agreed that further consideration of Counts II and III were appropriately stayed pending the determination of Count I.  In a March 20, 2018 Report and Recommendation, Magistrate Judge

Robinson recommended that with respect to Plaintiff's IDEA claim (Count I), that Plaintiff's motion for summary judgment be denied, and that the Court dismiss Count I for Plaintiff's failure to exhaust administrative remedies.

Plaintiff now objects to Magistrate Judge Robinson's Report and Recommendation because, they argue, (1) the IDEA exhaustion requirement is not jurisdictional, and the District waived this defense by failing to raise it an any stage of the proceedings, and (2) Ms. Smith already litigated and exhausted the issue presented in Plaintiff's motion for summary judgment.

Plaintiff has also filed a so-called "Status Report" arguing that the District has conceded in a matter that is wholly unrelated to this case, *Shipley v. District of Columbia*, 1:18-cv-00865 (CRC) that the IDEA exhaustion requirement is a claims processing defense. *See* Pl.'s Status Report [22]. The Status Report was, of course, not called for by the Court, nor did Plaintiff seek proper leave to file it, as it is, in reality, a sur reply in support of her cross motion for summary judgment. In any event (and most importantly), Plaintiff fails to acknowledge that the District's argument was made in the specific context of the *Shipley* case for the purposes of removal of an improperly filed TRO in state court to this Court.

As shown below, the Court should ignore the Status Report because it has no binding effect on this case, *i.e.,* judicial estoppel does not apply. Moreover, Plaintiff errs on the remainder of these arguments, and accordingly, the Court should adopt Magistrate Judge Robinson's Report and Recommendation in its entirety.

## LEGAL STANDARD

A district judge makes a *de novo* determination of those portions of a magistrate judge's report and recommendation to which objection is made. LCvR 72.3 (c). A district judge may receive further evidence, accept, reject, or modify, in whole or in part, the report and

recommendation or may recommit the matter to the magistrate judge with instructions.  LCvR 72.3(c).

## ARGUMENT

I.    **The Filing In the *Shipley* Case Has No Bearing On the Case at Bar, *i.e.*, Judicial Estoppel Does Not Apply.**

As an initial matter the Court may reject Plaintiff's suggestion that the District is estopped  from asserting that the failure to exhaust is jurisdictional.  "Courts may invoke judicial estoppel [w]here a party assumes a certain position in a legal proceeding, ... succeeds [by] maintaining that position, ... [and then,] simply because his interests have changed, assume[s] a contrary position." *Ashraf-Hassan v. Embassy of France,* 185 F. Supp. 3d 94, 104–05 (D.D.C. 2016), *aff'd*, 695 F. App'x 579 (D.C. Cir. 2017)(quoting *Comcast Corp. v. FCC,* 600 F.3d 642, 647 (D.C.Cir.2010) (internal quotation marks and citation omitted).  In other words, "because 'judicial acceptance of an inconsistent position in a later proceeding creates the perception that either the first or the second court was misled, doing so pos[es] a threat to judicial integrity.'" *Ashraf-Hassan*, 185 F. Supp. 3d at 104 (quoting *Moses v. Howard Univ. Hosp*., 606 F.3d 789, 792 (D.C.Cir.2010) (alterations and quotation marks omitted); citing *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)).

"Judicial estoppel 'is an equitable doctrine invoked by a court at its discretion.'" *Ashraf-Hassan v. Embassy of France*, 185 F. Supp. 3d 104 (quoting *Maine*, 532 U.S. at 749, 121 S.Ct. 1808 (internal quotation marks and citation omitted)).  "The D.C. Circuit has instructed that '[t]here are at least three questions that a court should answer in deciding whether to apply judicial estoppel: (1) Is a party's later position clearly inconsistent with its earlier position? (2) Has the party succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception

that either the first or the second court was misled? (3) Will the party seeking to assert an inconsistent position derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped?" *Ashraf-Hassan*, 185 F. Supp. 3d 94, 105 (quoting Moses, 606 F.3d at 798)).

The Circuit Court of Appeal has been clear, however, that "[f]or judicial estoppel to apply, however, 'a party's later position must be 'clearly inconsistent' with its earlier position." *Comcast Corp.*., 600 F.3d at 647 (quoting *Maine*, 532 U.S. at 750, 121 S.Ct. 1808; and quoting *United States v. Hook*, 195 F.3d 299, 306 (7th Cir.1999)). Indeed, "[d]oubts about inconsistency often should be resolved by assuming there is no disabling inconsistency, so that the second matter may be resolved on the merits." *Comcast Corp.*., 600 F.3d at 647 (quoting 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4477, at 594 (2d ed.2002)).

Lastly, the Circuit Court of Appeals has denied a judicial estoppel argument in the context of deciding subject matter jurisdiction similar to the case at bar. *See Comcast Corp.*., 600 F.3d at 649 ("We thus do not interpret Comcast's California argument as "inconsistent" with its argument here, let alone "clearly" so. *New Hampshire*, 532 U.S. at 750, 121 S.Ct. 1808 (internal quotation marks omitted)… Because Comcast never clearly argued in the California litigation that the Commission's assertion of authority over the company's network management practices would be "reasonably ancillary to the Commission's effective performance of its statutorily mandated responsibilities" (American Library's second requirement), 406 F.3d at 692, that question remains for us to answer.")

In the case at bar, none of the elements for judicial estoppel.  To be sure, *in Shipley* the District took the legal position that the failure to exhaust under the IDEA is not jurisdictional in a very specific context, *i.e.* , the District argued that a Plaintiff cannot use her failure to exhaust to forum shop and to improperly file a TRO in state court for what is undoubtedly a federal claim under the IDEA (whether the District failed to provide a FAPE to a student).  *See* Status Report Ex. 1 [22].  The District has *never* taken the same legal position in the context of a straight appeal from an administrative hearing to this Court (as in this case).  Therefore, because the District restricted its argument to the specific context of the *Shipley* matter, its legal position is not inconsistent with the legal argument below (and Magistrate-Judge Robinson's correct conclusion) that whether exhaustion is jurisdictional *need not* be decided.  In other words, the legal issues in *Shipley* and in this case *are not* the same.

Second,  Plaintiff's fail to show that the District has prevailed on its legal arguments, or that the District has an unfair advantage in this case because of those arguments.  In short, because judicial estoppel does not apply, the Court may reject, out of hand, Plaintiff's so-called Status Report.

## II.     The Magistrate Judge Applied The Correct Legal Standard.

Plaintiffs' fundamentally misconstrue the impact of the exhaustion requirement on the matter at hand.  As Magistrate Judge Robinson correctly noted, "a court cannot address an issue that was not first presented to the hearing officer."  Report and Recommendation at 9[17].  In her Due Process Complaint, Plaintiff "challenged A.J.'s placement in an SLS classroom, and A.J.'s subsequent placement in the 10th grade BES classroom; more specifically, Plaintiff alleged that the SLS classroom was not based on A.J.'s individual needs, and that the 10th grade BES classroom prevents A.J. from accessing the curriculum."  *Id*.  While these arguments were made

5

in the Due Process Complaint, and argued at the administrative hearing, the Magistrate Judge correctly points out that these were not the issues that Plaintiff addressed in her motion for summary judgment. Rather, in her motion for summary judgment, Plaintiff argued that the SLS classroom was not A.J.'s least restrictive environment, nor tailored for A.J. to meet personally challenging objectives. *See* Pls. memorandum at 4. Magistrate Judge Robinson correctly points out that the issues of (1) the determination of the IEP team with respect to A.J.'s least restrictive environment, or (2) the absence of tailoring of A.J.'s IEP to permit A.J. to meet personally challenging objectives, were never addressed during the administrative proceedings. Report and Recommendation at 10.

Plaintiff relies heavily upon *Payne v. Peninsula School District*, 653 F.3d 863, 868-69 (9th Cir. 2011), *rev'd on other grounds* by *Albino v. Baca*, 747 F.3d 1162 (9th cir. 2014), a Ninth Circuit decision referenced by this Court in *T.H. v. District of Columbia*, 255 F. Supp. 3d 55 (D.D.C. 2017) for her position that the IDEA exhaustion requirement is not jurisdictional. Indeed, in a footnote, Magistrate Judge Robinson correctly points out that in *T.H.,* "another judge of this Court concluded that IDEA's administrative exhaustion requirement is not jurisdictional, and that the District of Columbia therefore carries the burden of pleading and proving plaintiffs' failure to exhaust." *Id*. at 8. However, that matter is factually distinguishable from the matter now before this Court. In *T.H.,* the Court concluded that the District failed to carry its burden because the failure to exhaust IDEA's administrative remedies "*is not clear on the face of the complaint.*" *Id.* at 8. Magistrate Judge Robinson accurately concluded that "the issue of whether or not the exhaustion requirement is jurisdictional need not be decided in the context of the instant action, as Plaintiff did not present the IDEA claim she addresses in her motion for summary judgment in *either* her administrative due process complaint, *or* the complaint by

which she commenced this action." *See   Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 219, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995)("The ''judicial Power' is one to render dispositive judgments,' not advisory opinions.").   Moreover, even in her objections, Plaintiff fails to acknowledge where in either her Due Process Complaint, or her Complaint filed in this matter, she addresses the IDEA claims she now raises in her motion for summary judgment.

Contrary to Plaintiff's assertions, the determination of whether IDEA's administrative exhaustion provision is jurisdictional is not dispositive in the context of the instant action.  Since Plaintiff failed to present the IDEA claims she now raises in her motion for summary judgment—namely, (1) the determination of the IEP team with respect to A.J.'s least restrictive environment, or (2) the absence of tailoring of A.J.'s IEP to permit A.J. to meet personally challenging objectives--when she originally filed her Due Process Complaint, or in the Complaint filed in this matter, Magistrate Judge Robinson correctly concluded that the issue of whether the exhaustion requirement is jurisdictional is not properly before the Court.

### III.   <u>Magistrate Judge Robinson Correctly Concluded that Plaintiff Failed to Exhaust Her Claims.</u>

As already noted, Plaintiff failed to exhaust the claims that she now presents in her motion for summary judgment.  Contrary to Plaintiff's assertions, the arguments she made in her Due Process Complaint are markedly different from those issues she now raises in her motion for summary judgment.  In her Due Process Complaint, Plaintiff "challenged A.J.'s placement in an SLS classroom, and A.J.'s subsequent placement in the 10th grade BES classroom; more specifically, Plaintiff alleged that the SLS classroom was not based on A.J.'s individual needs, and that the 10th grade BES classroom prevents A.J. from accessing the curriculum."  Report and Recommendation at 9.   On the other hand, in her motion for summary judgment, Plaintiff

argued that the SLS classroom was not A.J.'s least restrictive environment, nor tailored for A.J. to meet personally challenging objectives. *See* Pls. memorandum at 4. Magistrate Judge Robinson correctly points out that the issues of (1) the determination of the IEP team with respect to A.J.'s least restrictive environment, or (2) the absence of tailoring of A.J.'s IEP to permit A.J. to meet personally challenging objectives, were never addressed during the administrative proceedings. Report and Recommendation at 10. The Magistrate Judge correctly determined that Plaintiff failed to exhaust her administrative remedies.

## IV.    **Magistrate Judge Robinson's Recommendations Were Appropriate.**

With respect to Plaintiff's IDEA claim (Count I), Magistrate Judge Robinson correctly recommends that Plaintiff's motion for summary judgment be denied, and that the Court dismiss Count I for Plaintiff's failure to exhaust her administrative remedies. Magistrate Judge Robinson further correctly recommends that Defendant's cross-motion for summary judgment be denied as moot. Finally, in light of the fact that the parties agreed that further consideration of Counts II and III were appropriately stayed pending the determination of Count I, Magistrate Judge Robinson correctly recommends that with respect to Plaintiff's ADA claim (Count II) and her DCHRA claim (Count III), that both motions be denied without prejudice, and that counsel should meet and confer to determine a briefing schedule with regards to the remaining issues.

## CONCLUSION

For the reasons stated above, the Court should overrule Plaintiff's objections to the Report and Recommendation. The Court should issue an order denying Plaintiff's IDEA Claim Count I and dismissing Count I for Plaintiff's failure to exhaust her administrative remedies, and denying Counts II and III without prejudice.

KARL A. RACINE

Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Glenn T. Marrow
GLENN T. MARROW
Section Chief, Section II,[1]
Civil Litigation Division

/s/ Tasha Hardy
TASHA HARDY [974511]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6th Floor-North
Washington, D.C.  20001
(202) 724-7794 (phone)
(202) 741-8953 (facsimile)
April 17, 2018                  E-mail: tasha.hardy@dc.gov

---

[1] Admitted in the State of Maryland and the State of New York only.  Practicing in the District under the supervision of George C. Valentine and Jonathan H. Pittman, two members of the District of Columbia bar, pursuant to D.C.  Rule 49(c).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LASHAWN SMITH,** | ) | |
| | ) | |
| | ) | **Civil Action No. 16-01386 (RDM)** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Upon consideration of the Plaintiff's objections to the Report and Recommendation,

Defendant's response, any reply, and the entire record, it is hereby **ORDERED** that Plaintiff's

objections are **OVERRULED**; it is further **ORDERED** that Magistrate Judge Robinson's

Report and Recommendation is **ADOPTED IN FULL**.


_____
Magistrate Judge Deborah A. Robinson
United States District Court
for the District of Columbia